DAVID J. EVANS, Respondent, v. THE CITY OF UTICA, Appellant.

The mere fact that there is ice upon a city side walk does not necessarily establish that it is dangerous; and that one having knowledge thereof attempts to walk over it in the night time, does not establish negligence on his part: he is simply bound to exercise such care and caution as a person of ordinary prudence would exercise under the circumstances.

(Argued, March 19, 1877; decided, March 27, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for injuries sustained by plaintiff, by falling upon one of defendant's side walks, upon which the complaint alleged defendant had negligently allowed snow and ice to accumulate until it became unsafe.

It appeared from plaintiff's evidence, that the snow had not been removed from the portion of the side walk in question, but had been suffered to accumulate for a month or more, and had thawed and frozen until ice had formed from four to six inches thick, with an uneven surface. The accident occurred in the evening, the night was somewhat dark, and there were no street lamps lighted. Plaintiff was passing along the walk, and had passed over a portion so covered with ice, when he slipped and fell, breaking his leg. Plaintiff testified that he had not noticed, and did not discover, that there was danger of slipping until he reached the spot where he fell. He was asked, on cross-examination, whether or not, in passing over the ice, he paid any attention to where he stepped. He answered that he stepped on the ice right along, walking in the usual way, until he got to the place of the accident.

A witness who was in company with plaintiff, at the time of the accident, testified that they discovered the ice from fifteen to twenty-five feet distant from where plaintiff fell ; that they walked along cautiously ; witness remarked to plaintiff that it was very slippery, to which he answered yes.

Defendant's counsel moved for a non-suit upon the ground, among others, of contributory negligence on the part of plaintiff, which motion was denied, and said counsel duly excepted. Said counsel requested the court to charge, among other things, "that if previous to the accident the plaintiff knew that there was ice ahead of him, and then took the risk of passing over it safely, he cannot recover."

The court so charged with this modification : " Unless he used that care and caution, which a person of ordinary prudence would exercise with a knowledge that there was some ice there. If he had a knowledge there was obstructions and interference with the passage, so as to render it perilous, dangerous, and insecure for a person of ordinary care and prudence to pass, he took his chance and would not be entitled to recover."

Defendant's counsel excepted to the modification.

*John D. Kernan*, for the appellant. Plaintiff had no right to proceed carefully, even after he discovered the condition of the walk. (*Dubkin* v. *City of Troy*, 61 Barb., 437; *Horton* v. *Inhab. of Ipswich*, 12 Cush., 488, 492 ; *Wilson* v. *City of Charlestown*, 8 Al., 137; *Butterfield* v. *Forester*, 11 East, 60.)

*S. M. Lindsley*, for the respondent. The jury was justified in finding plaintiff free from contributory negligence. *Belton* v. *Baxter*, 58 N. Y., 461 ; *Hackford* v. *N. Y. C. & H. R. R. R. Co.*, 53 id., 654 ; *Thurber* v. *Harlem, etc., R. R. Co.*, 60 id., 326 ; *Todd* v. *City of Troy*, 61 id., 506 ; *Weber* v. *N. Y. C., etc., R. R. Co.*, 58 id., 451 ; S. & R. on Neg., 462 ; *Lyman* v. *Inhab. of Amherst*, 107 Mass., 339 ; *Hill* v. *Seekonk*, 119 id., 85 ; *Massoth* v. *Pres., etc., D. & H. Canal Co.*, 3 N. Y. W'ky Dig., 207.)

MILLER, J. No error was committed by the judge in refusing the motion made by the defendant's counsel to non-suit the plaintiff. The question whether the plaintiff was chargeable with contributory negligence, was a question of fact which was properly submitted to the consideration of the jury, and unless it is apparent that the finding of the jury was entirely unauthorized there is no valid reason for holding that there was any error in this respect. It is not the province of this court to review questions of fact, and if there was any evidence to warrant the conclusion that the plaintiff was not negligent, the judgment cannot be disturbed upon the ground that the plaintiff was guilty of negligence. The claim that the plaintiff paid no attention whatever while passing along the sidewalk, and that he was careless, is not warranted by the evidence. It is true that he did not in response to the question put to him upon the trial whether he paid attention when he passed over the ice, say directly whether he did or did not. He did answer however, that he stepped on the ice right along ; but this response does not warrant the inference that he thereby admitted that he was not sufficiently careful in his movements,

or that he failed to exercise a due degree of caution. That he did not notice or think of there being any danger of slipping, is by no means remarkable, under the circumstances, as accidents of this kind usually happen with great suddenness, and without any previous indication to warn the traveler. The law does not demand that he should exercise extraordinary vigilance, when there are no manifestations of difficulty, or apparent danger. It is said that one of the witnesses testified that the plaintiff was notified that it was slippery, and he assented to it, and that this not being denied it must be assumed that he knew of the danger and failed to exercise proper care to avoid it. Assuming that he was notified, the inference by no means follows that the plaintiff was negligent. But there was a contradiction in this respect, the witness and the plaintiff giving different versions of the matter. There being such a conflict in the testimony, and the conduct of the plaintiff being susceptible of a different construction from that claimed, it was a fair question for the jury to decide how the fact was. As the case stands it cannot be properly urged that as a matter of law contributory negligence was manifest so as to justify a nonsuit. Nor is there any ground for claiming that the danger of passing over the ice was so apparent that the plaintiff had no right to proceed after he discovered the condition of the walk. The request to charge, that if previous to the accident the plaintiff knew that there was ice ahead, and took the risk of passing over it safely, he could not recover, was properly modified by the qualification that he must use that care and caution which a person of ordinary prudence would exercise with a knowledge that there was some ice there, and that if he had knowledge that there was any obstruction and interference with the passage, so as to render it perilous, dangerous and insecure for a person to pass, he took his chance, and would not be entitled to recover. This was virtually saying, that if there were no indications of danger he was justified in passing, and not otherwise. The mere fact that ice was then on the sidewalk did not

necessarily establish that it was dangerous and negligent to pass over, and the answer to the request presented the real question. The judge responded to the proposition made immediately afterward in the affirmative, and there was no error in the modification referred to. The responses made to the subsequent requests were not excepted to, and no question arises in regard to them.

No other point is urged which requires consideration, and the judgment should be affirmed.

All concur.

Judgment affirmed.