HANS BLAKELEY, RESPONDENT, *v.* THE CITY OF TROY, APPELLANT.

*City — duty of, to remove ice from the sidewalk — what delay in so doing does not constitute negligence.*

By the side of plaintiff's house, in the city of Troy, was a private alley, some ten feet wide, down which water, coming from springs therein, and also from the melting of the snow in plaintiff's yard, was accustomed to run upon and across the sidewalk. On January twenty-seven, at about one o'clock P. M., plaintiff, on leaving his house and while passing in front of the alley on the sidewalk, slipped on some ice, which had formed there during the night before, and injured himself. The day before the accident there was snow and ice upon the sidewalk, but it was so trodden down as not to be slippery.

*Held,* that the mere neglect of the city to remove, before one o'clock P. M., ice which had formed during the previous night, was not such negligence as to render it liable to the plaintiff for the damages occasioned by his fall.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff lived in a house on the east side of Seventh street, Troy. Between his house and the next, belonging to one Mackey,

was a passageway ten feet wide, not belonging to the public, and running eastward about 120 feet to Institute avenue, which is on a higher grade than Seventh street, so that the passageway is steep. There are springs in the rear of plaintiff's lot. The houses on Seventh street extend back about seventy feet, leaving fifty feet of the lots open. The snow falling on the vacant part of these lots, when it melted, would run down the alley. The plaintiff's family were accustomed to throw their soap suds into this alley, and they ran down to Seventh street. There is no public sewer in Seventh street. There was a trench in Institute avenue which tended to carry the water of that avenue northward to Broadway. But the water and snow falling on land west of Institute avenue, on the alley, would run down to Seventh street.

The plaintiff on the twenty-seventh of January had come home at noon from his work, walking in the carriageway of the street. On going back after dinner, about one o'clock, he went from the rear of his house down this alley to the sidewalk on Seventh street, and turned northward on the sidewalk. After taking a step or two he slipped on some ice upon the sidewalk about opposite to the alley, or to Mackey's house, and was injured. He had been accustomed to pass over this place during the winter about four times every working day.

The day when the accident happened was not cloudy or stormy. The temperature at the time was about freezing. The plaintiff himself testified that there had been ice on the place before, but that it was " padded down "— tramped down — that what was there before the previous night was not slippery ; that the fresh ice on which he slipped was formed the night before the accident. There was no snow upon the ice, and the ice was visible and could be seen. There was evidence, however, tending to show that during the winter, as a general thing, the water from the spring and from the rain and snow had a tendency to overflow the walk at this place ; and that for, probably, a quarter of the time during the winter it had been dangerous for a clumsy man to go over. The snow would thaw and run down and suddenly freeze and ice would form.

*R. A. Parmenter*, for the appellant.

*Robertson & Foster*, for the respondent.

LEARNED, P. J. :

The court charged the jury that if the plaintiff could have seen the ice by the exercise of his faculties, under ordinary circumstances, as a man of ordinary prudence would have exercised and seen, then he could not recover. This was quite favorable enough to the defendants. And the facts did not show such undisputed evidence of contributory negligence as to have required the court to take this question from the jury. (*Evans* v. *City of Utica*, 69 N. Y., 166.)

The case last cited seems to pass only on the question of contributory negligence. The question as to what facts show negligence in the defendants does not seem to have been discussed or decided. In the present case there is no doubt that the sidewalk was in good condition, except as to the ice. It is plain, too, that the water coming from the snow which fell on the alley, and on the rear of the lots, and also the water which came from the springs, would necessarily flow down the alley and across this sidewalk. It is a well known fact that in this climate the heat of the sun will often melt the snow in winter, when the temperature is such that the water thus produced will freeze at night, or even during the daytime in the shade. And, further, it is not always possible, by any ordinary means, to remove ice which has become frozen to a sidewalk firmly. It could not then be the duty of the defendants to prevent snow from melting, or water from running down hill, or ice from freezing on a freezing day. And, therefore, since they could not prevent these occurrences, all their duty, at the utmost, would be to remove or remedy the evil after it had occurred ; to remove, or perhaps to cover with sand, or the like, the ice after it had been formed.

But it is a well known principle, in regard to such matters, that a city must have notice of the alleged obstruction to its highways, either actual or constructive, through the long continuance of the obstruction. Now the plaintiff claims that this sidewalk had been, for much of the time during the winter, icy and dangerous in the manner described. But it must be observed that such ice was formed repeatedly, and wherever the circumstances above referred

to existed. The removal of the ice by the defendants one day would not have prevented its formation the next, if the sun had melted the snow in the daytime and the night had been cold. And the plaintiff himself testifies that, previous to the night before the accident, the ice had been tramped down — " padded down " — so that he says expressly that it was not slippery the day before he was hurt. If it was not slippery the day before he was hurt, then no negligence of the defendants, prior to that time, caused the injury. The ice which caused his accident was formed the night before the accident occurred, and the defendants were not chargeable with notice of the slippery condition of a sidewalk at noon, which had not been slippery the day before. There is nothing to show that the place would not have been just as icy and dangerous, at the time of the accident, even if all the old ice had been removed the previous day. The plaintiff says that the ice where he fell formed the night before, and the water came from the spring which came down the alley. Now, whether this new ice should be formed on the old, tramped down, snow and ice which was not slippery, or whether it should be formed on the sidewalk itself, so far as appears, did not affect the plaintiff's liability to fall.

It may be said that the defendants ought to have prevented the water from coming down the sidewalk. But they had no control over this alley. It was private property owned and occupied by the plaintiff. And it is not shown that the defendants were bound to carry off this water formed by the melting of snow in this alley or coming from the spring above.

The court, however, charged that it was for the jury to say whether it was a reasonable time, and whether the officers of the city should have ascertained the formation of this ice between daylight and the time the accident occurred, about one o'clock. And, therefore, the negligence of the city was put by the court, not on the condition of the sidewalk, as it had existed previous to the night before the accident, but on its condition as caused that night, and on the neglect of the city to remedy the evil which then arose.

Without attempting to lay down a rule which shall apply to all cases, it is safe to say that the mere neglect to remove ice before one o'clock, P. M., which formed the night before, is not enough to make the city liable.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed ; new trial granted, costs to abide event.