ANN KEANE, Respondent, *v.* THE VILLAGE OF WATERFORD, Appellant.

In an action to recover damages for injuries received by falling on a sidewalk in one of defendant's streets, it appeared that about sixteen days before the accident there had been a heavy fall of snow and another about four days previous. Plaintiff claimed that her fall was caused by a ridge of snow and ice which extended along the center of the walk. Plaintiff's evidence was to the effect that the ridge was five or six inches high; that it was formed of snow, part of which fell during the first and part during the second storm, which was packed down and glazed with ice; that it was uneven and very slippery, and had been there about a week before plaintiff fell. The jury rendered a verdict for plaintiff. *Held*, no error; that the evidence was sufficient to charge defendant with negligence.

Shortly after her fall, plaintiff was found to be suffering from a certain disease, which one of the physicians called as a witness by defendant testified that he had never known to be occasioned by a fall. Other physicians who were called by plaintiff testified that a fall or an attempt to save one's self from a fall might produce the disease. The court submitted to the jury the question whether the disease was occasioned by her fall. *Held*, no error.

(Argued October 21, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 26, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*N. C. Moak* and *Thomas O'Connor* for appellant. The court correctly charged that if the alleged ridge was caused by drippings from the roof defendant was not liable. (*Tobey* v. *Hudson*, 49 Hun, 319; *Kaveney* v. *Troy*, 108 N. Y. 576, 577.) The trial court and the General Term were bound to decide the case according to the undisputed evidence, and a failure to do so was an error of law, for which the judgments below should be reversed. (*Plyer* v. *German*, 121 N. Y. 692;

*Lomer* v. *Meeker,* 25 id. 361; *Kelly* v. *Burroughs,* 102 id. 93, 95, 96; *Watson* v. *Campbell,* 38 id. 153, 155–157; *Potter* v. *Chadsey,* 16 Abb. Pr. 146, 147, 150; *Huntington* v. *Conkey,* 33 Barb. 224, 225; *Millerd* v. *Thorn,* 56 N. Y. 402, 405; *In re Huss,* 37 N. Y. S. R. 789, 790, 791; Code Civ. Pro. § 944; *Evanston* v. *Gunn,* 99 U. S. 660, 666, 667.) The snow of January nineteenth, twenty-first and twenty-second, the latter covering the deposit of the nineteenth not being shown to be the real cause of the injury, defendant was not liable on account thereof. (*Taylor* v. *City of Yonkers,* 105 N. Y. 202; *McNally* v. *City of Cohoes,* 39 N. Y. S. R. 580; *Harrington* v. *City of Buffalo,* 121 N. Y. 147; *Hunt* v. *Mayor, etc.,* 109 id. 134; *Requa* v. *City of Rochester,* 45 id. 136; *Kinney* v. *City of Troy,* 108 id. 567; *Blakely* v. *City of Troy,* 18 Hun, 170; *Foley* v. *City of Troy,* 45 id. 398.) There was not sufficient evidence to justify the court in allowing a jury to find plaintiff's alleged injury or rectocele was caused by her fall. (*Strohm* v. *E. R. Co.,* 96 N. Y. 305; *Tozer* v. *N. Y. C. & H. R. R. R. Co.,* 105 id. 617.) The court erred in refusing to charge the proposition " that if the jury are unable to determine whether this ridge was caused by drippings from the eaves, or by snow which has been allowed to accumulate on the walk, plaintiff cannot recover." ( *Wiwirowski* v. *L. S. R. R. Co.,* 124 N. Y. 420, 425; *Riordan* v. *Ocean Steamship Co.,* Id. 655, 658, 659; *Hayes* v. *F. S. St. R. R. Co.,* 97 id. 259, 262; *Taylor* v. *City of Yonkers,* 105 id. 203, 209, 210; *Searles* v. *M. R. Co.,* 101 id. 661, 662; *Dobbins* v. *Brown,* 119 id. 188, 193–195; *Baulec* v. *N. Y. & H. R. R. Co.,* 59 id. 357; *Conlin* v. *Rogers,* 39 N. Y. S. R. 51, 52–54; *Curtis* v. *Butts,* 4 Trans. App. 404, 406, 407; *Ellis* v. *Great Western,* L. R. [9 C. P.] 557; 10 Eng. Rep. 299; *Harris* v. *Sterling,* L. R. [9 C. L.] 202, 203; *Priest* v. *Nichols,* 116 Mass. 501; *Dearborn* v. *Union So.,* 58 Me. 273, 274.)

*J. F. Crawford* for respondent. The negligence of defendant was clearly established. (*Todd* v. *City of Troy,* 61 N. Y.

506; *Turner* v. *City of Newburgh*, 109 id. 301; *Bishop* v. *Village of Goshen*, 120 id. 337; *Masters* v. *City of Troy*, 3 N. Y. Supp. 450; *Ney* v. *City of Troy*, Id. 679; *Provost* v. *Mayor, etc.*, Id. 531; *Jones* v. *City of Troy*, 4 id. 792; *Tobey* v. *City of Hudson*, 49 Hun, 318.) Assuming that the ridge was partially or wholly formed from snow falling on the nineteenth of January, that being four full days before the accident, the jury had the right to infer therefrom constructive notice to defendant's officers of its existence, and to find defendant negligent for not having removed it before the accident. (*Kunz* v. *City of Troy*, 104 N. Y. 344.) The defense, that this ridge was formed or partly formed by drippings from the roof of the piazza, was not available to defendant. (*Urquhart* v. *City of Ogdensburg*, 97 N. Y. 283; *Driggs* v. *Phillips*, 103 id. 77; *Hume* v. *Mayor, etc.*, 74 id. 264.) Irrespective of the question whether this piazza was or was not of itself a nuisance, if the drip from it, falling at any time previous to the week of the accident, actually produced the result complained of, the defendant is just as responsible for it (in not having sooner removed it), as if it was formed wholly of snow directly from the clouds. (*Wenzlick* v. *McCotter*, 87 N. Y. 122; *Todd* v. *City of Troy*, 61 id. 506; *Gillrie* v. *City of Lockport*, 122 id. 403.) If this ridge was, as defendant claims, formed from drippings from this piazza roof, the village officers, from the long existence of this structure, were chargeable not only with constructive notice of its existence there, but with knowledge of the natural consequences of maintaining such a structure in such a position. (*Corbett* v. *City of Troy*, 6 N. Y. Supp. 381; *Clark* v. *Donaldson*, 49 How. Pr. 63.) It is the duty of the appellant, if he desires to raise any question here, to have so made his case as to show plainly that an erroneous ruling was made adversely to him, and not to have left that fact to appear by mere inference or conjecture. (*Tousey* v. *Roberts*, 114 N. Y. 312; *Jewell* v. *Van Steenburgh*, 58 id. 85; *Pritchard* v. *Hirt*, 39 Hun, 378.) Irrespective of any question of possession of funds, or means to raise them, defendant, as a municipal cor-

poration, is liable for injuries occurring through the neglect of its officers to keep its streets in repair. (*Conrad* v. *Trustees of the Village of Ithaca*, 16 N. Y. 158; *Getty* v. *Town of Hamlin*, 8 N. Y. Supp. 190; *Stone* v. *Town of Poland*, 11 id. 498; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459; *Weed* v. *Village of Ballston*, 76 id. 329; *Hines* v. *City of Lockport*, 50 id. 236.)

HAIGHT, J. This action was brought to recover damages for a personal injury.

On the 23d day of January, 1886, the plaintiff, whilst walking with her daughter-in-law upon the sidewalk on Broad street, in the village of Waterford, slipped and fell, receiving the injuries for which the jury has awarded damages.

The accident occurred nearly in front of the bar-room door of the Worthington Hotel, at about seven o'clock in the evening and after it had become dark. There is some conflict as to the condition of the walk, but all agree that it was slippery.

It is claimed on behalf of the plaintiff that there was a ridge of snow and ice extending lengthwise of the walk, which was four or five inches thick, and that it sloped either way from the top of the ridge; that it was this ridge that caused her to slip and fall. Whilst on the part of the defendant it was claimed that the ridge was composed of ice which was formed from water dripping from the roof of the piazza in front of the hotel. Considerable evidence was given in support of this contention. The trial court charged the jury that if the ridge was of ice formed from the drip from the roof of the piazza, the defendant was not liable. Of this charge the appellant does not complain. It is claimed to be in accordance with the rule laid down in the case of *Kaveny* v. *City of Troy* (108 N. Y. 571). Whether it is or not, we do not now deem it necessary to consider, for the jury found a verdict for the plaintiff, and must, therefore, be deemed to have found that the ridge was not so formed, and whilst we might have reached a different conclusion had we been called upon to determine the fact in the first instance, we are of the opinion that there is evidence

which supports the verdict in this regard.    It appears that in the early part of the month, between the fifth and eighth, there was quite a heavy fall of snow; that again, on the nineteenth of the month, there was a fall of nearly eight inches. The witness Thomas Cramer testified that the ridge was five or six inches high and was formed by snow; that it was uneven and very slippery; that it had been there about a week before she fell; that it was formed of snow packed down and glazed over with rain; that it had never been touched; that it was formed in part from the snow that fell during the last storm, and in part from that which fell during the first storm.

This evidence is in accordance with the verdict, and renders unavailing the exceptions taken to the refusal of the court to nonsuit.

It is also claimed that the court erred in submitting to the jury the question as to whether the rectocele from which the plaintiff was found to be suffering was occasioned by her fall, but we think the question was one for the jury.    It is true that one of the physicians testified that child birth was an adequate and the usual cause of rectocele, and that he had not known of a case where rectocele was occasioned by a fall. But the other physicians differ with him in this regard.    Dr. Stubbs testified that prolapsis of the posterior vagina wall, senile atrophy, violent muscular efforts of the abdominal muscles, a fall, or an attempt to save one's self from a fall, may produce rectocele.    It is our duty to consider this evidence in connection with the fact that rectocele was discovered shortly after the plaintiff received her injury; that none had existed before, and that all of the symptoms following the injury were such as to indicate its existence.

Exceptions were taken to the refusals to charge as requested, but there are none which we think require a new trial.    They have been considered by the General Term, and further discussion we do not consider necessary.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.