MARGARET WALSH, Appellant, *v.* THE CITY OF BUFFALO, Respondent.

*Municipal corporation — negligence of — notice to, of intention to sue and of particulars of the claim — construction of the charter of Buffalo — Laws 1886, chap. 572, not repealed by implication by Laws of 1891, chap. 105, §§ 15, 16.*

In determining whether the Legislature intended to supersede or repeal by implication certain provisions of a statute by a later one, the object to be attained by the statute is to be considered in order to ascertain whether the purpose of the earlier statute is comprehended in the provisions of the later one upon the same subject.

The provisions of the general act relating to the bringing of certain actions against municipal corporations, known as chapter 572 of the Laws of 1886, providing for the service upon the law officer of the city of a notice, within six months after the cause of action accrued, of an intention to commence an action for personal injuries alleged to have been sustained by reason of the negligence of the city or of its officers, were not repealed by implication by the provisions in that regard contained in the revised charter of the city of Buffalo passed in 1891 (Chap. 105, §§ 15, 16).

The two statutes are *in pari materia,* and but one notice of intention to sue is necessary, but this should contain a statement of the time and place at which the injuries were sustained.

Where it appeared that a person had served upon the corporation counsel a notice of an intention to commence such an action, and the notice referred to a statement of her claim alleged to have been previously filed with the city clerk, a copy of which it appeared was served upon the corporation counsel upon the same day when the claim was filed with the city clerk, the court considered that the city had received proper notice of the particulars of the claim, and of the intention to sue upon it, and that there had been a substantial compliance with the requirement of chapter 572 of the Laws of 1886.

APPEAL by the plaintiff, Margaret Walsh, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 20th day of April, 1895, upon the dismissal of the complaint directed by the court after a trial at the Erie Circuit before the court and a jury.

*Perkins & Welch,* for the appellant.

*Frank G. Laughlin,* for the respondent.

BRADLEY, J.:

The purpose of this action was to recover damages for personal injury to the plaintiff, alleged to have been occasioned by the negli-

gence of the defendant. Her injury was caused by a fall while walking on a sidewalk of a street in the city of Buffalo on or about February 4, 1894. The facts that the injury sustained by her was attributable to the negligence of the defendant and that she was free from contributory negligence were conceded at the trial. The only question presented there was whether the plaintiff had filed with the corporation counsel the requisite preliminary notice of intention to commence the action. The city charter provides that " The Common Council shall audit all claims against the city. Unliquidated claims shall be filed with the city clerk   *   *   * and if for damages for wrong or injury, when, where and how occasioned, and shall be accompanied by an affidavit that the claim and the items and specifications thereof are in all respects just and correct, and that no payments have been made, and that no set-off exists, except those stated." (Laws 1891, chap. 105, § 15.)

The plaintiff's claim upon which this action is founded, made in the form required by the statute and duly verified by her affidavit, was served upon the city clerk of the defendant on April 21, 1894.

The city charter also provides that " No action or proceeding to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been filed with the city clerk for presentation to the common council for audit in the manner and form aforesaid, and no action shall be maintained against the city for personal injury unless notice of intention to commence such action shall have been filed with the corporation counsel within six months after such cause of action shall have accrued.   *   *   * All actions brought against the city to recover damages for personal injuries caused by negligence must be commenced within one year from the time of receiving the injuries." (Id. § 16.) This chapter 105 of the Laws of 1891 is entitled " An act to revise the charter of the city of Buffalo." It contains a provision that " All acts and parts of acts inconsistent with this act are hereby repealed." (Id. § 507.)

Prior to this act, and in 1886, a general act was passed, entitled " An act in relation to certain actions against municipal corporations." It provided that " No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand

inhabitants or over for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued." (Laws of 1886, chap. 572.) This act was applicable to the city of Buffal (*Curry* v. *City of Buffalo*, 135 N. Y. 366.)

At the time of its passage there was no existing statute requiring the service of a preliminary notice of intention to sue the city of Buffalo, but there were provisions substantially the same in other respects as those of sections 15 and 16 of chapter 105 of the Laws of 1891, in the charter as amended by the Laws of 1886 (Chap. 479, § 8), which, with the provisions of the general act before mentioned, constituted the requirement to furnish a statement of claim to the common council and notice of intent to sue to the corporation counsel. Those were the only provisions on the subject, until the passage of the revised charter of 1891, which provided for the filing of both the statement of claim and notice of intention to sue as conditions precedent to the right to maintain an action for damages arising from alleged negligence of the city. The provision there for notice of intention to commence an action does not direct that the notice shall contain a reference to the time and place at which the injuries were received, as does the provision of the general act of 1886. The plaintiff in filing the statement with the city clerk, and the notice of intention with the corporation counsel, evidently proceded upon the direction in the revised charter. The notice was as follows:

" *To the Corporation Counsel, Buffalo, N. Y.:*

"SIR — You will please take notice that the undersigned, Margaret Walsh, intends to commence an action against the City of Buffalo to recover damages for personal injuries sustained by her by reason of the facts set forth in a statement of claim filed by the

said Margaret Walsh with the city clerk of the City of Buffalo on
the 21st day of April, 1894.

"Dated BUFFALO, N. Y., *May* 14, 1894.

"Yours, &c.

"MARGARET WALSH,

"by PERKINS and WELCH, *her attorneys.*"

Admission by the corporation counsel of service on May 14, 1894,
was indorsed on the notice.

In determining whether the legislative intent is to supersede or
repeal by implication certain provisions of a statute by a later one,
the object to be attained by a statute is to be taken into considera-
tion to ascertain whether the purpose of the earlier is comprehended
within the provisions of the later statute on the same subject.

The design of the statute referred to was to give information to the
city of the nature and cause of the injury, and the time and place
when and where and how it was occasioned, as well as notice of
intention to sue. And one of the purposes of the act of 1886 evi-
dently was to give the information within six months to enable the
city authorities at a time as early as that to proceed to investigate
the matter of the claim. The requisite preliminary statement,
which a claimant is required by the revised charter to file with the
city clerk, must set forth all the facts in respect to an injury
required to appear in the notice of intention prescribed by the act
of 1886. If the revised city charter had required the claimant to
file the statement with the city clerk, within six months after the
alleged injury, I should have been inclined to the view that it was
intended to prescribe the only rule on the subject in that city, and,
therefore, that by the provisions of the revised charter, those of
chapter 572 of the Laws of 1886 were by implication repealed, so
far as applicable to the city of Buffalo. But the difficulty is that
the limitation of time within which information is to be given may
be important to the city, and the claimant is not required to file the
preliminary statement with the city clerk until more than ten
months after the occurrence of the injury complained of. While
the provision of the city charter is to the effect merely that a notice
of intention to commence the action shall be filed with the corporaiton

counsel within six months, that of the act of 1886 also requires that the notice give the further information before mentioned. The two statutes, therefore, seem to be *in pari materia,* and must be taken together in their application to that city. The notice called for by the act of 1886 embraces all that is requisite to comply with the provision of the later one on the subject, so that only one notice to the corporation counsel is necessary.

It, however, is urged on the part of the plaintiff that she did comply with the statute on the subject of notice by serving on the corporation counsel, not only the notice before mentioned, but also a copy of the statement of claim filed with the city clerk. This, as has been observed, contained a statement of all the facts essential to the notice of intention provided for by chapter 572 of the Laws of 1886. The plaintiff's counsel offered to prove that on the 21st day of April, 1894, he served upon the corporation counsel a copy of the claim filed with the city clerk, and exception was taken to the exclusion of the evidence. This with the notice served in May following, if they sufficiently advised the corporation counsel of their relation to each other, would furnish a notice to him of all the facts essential to a notice of intention to sue and together would seem to have been sufficient. The substance, and not the form merely, should control the effect. There would be less doubt about it if the notice served had expressly referred to the statement of claim which had been served upon him. But in its terms reference was made to that filed with the city clerk on April 21, 1894. This, it would seem by relation, called the attention of the corporation counsel to the statement of claim which was served on him that day, if it was a copy of that then filed.

The purpose of the statute on the subject of notice, etc., was not intended to deny remedy to persons, or to embarrass them in seeking it, for injuries suffered by the negligence of municipal corporations, but to guard the latter so far as practicable against imposition by making early preliminary notice and information essential, thus enabling the city authorities then, with more facility than at a later day, to inquire into the merits of asserted claims.

Although the question may not be entirely free from doubt, I am inclined to think that the exclusion of the evidence so offered was

error and for that reason the judgment should be reversed and a new trial granted, costs to abide the event.

LEWIS, WARD and ADAMS, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.