(13 App. Div. 502.)

### McPHERSON v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. January 27, 1897.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.
   Contributory negligence is a question for the jury in an action against a city for personal injuries, where plaintiff saw the icy condition of a sidewalk, and in attempting to walk along it slipped and fell.

2. SAME—DEFECTIVE SIDEWALKS—NEGLIGENCE.
   Negligence is a question for the jury, in an action for personal injuries against a city, where defendant knew of the tendency of snow to drift on the sidewalk where plaintiff slipped and fell, but had not cleaned the walk for two weeks, though snow had fallen on nine days during that period, and had accumulated on the walk, and an ordinance required the bureau of streets to employ men to clean walks where adjacent owners failed to do so.

Appeal from trial term, Erie county.

Action by Silvanus McPherson against the city of Buffalo for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $675.50, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

On the 23d of February, 1895, about 8 o'clock in the evening, while plaintiff was walking along on the sidewalk on the south side of West Ferry street, between Delaware avenue and Elmwood avenue, plaintiff alleges he was thrown down and received severe injuries to his coccyx, and that he was laid up some five months, and has not permanently recovered; and that he made expenditures, endeavoring to be cured, of over $200. The answer contains several denials, and an averment that the injuries mentioned in the complaint "were caused by his own carelessness and negligence, and not by or through any fault or negligence on the part of the defendant." There was evidence that the bureau of streets kept a daily record of all streets cleaned. That portion of the record referring to the sidewalk on which plaintiff was injured is as follows: "February 1, 1895. * * * When there is much wind, and snow is loose, the above walk is sure to fill up." "February 9, 1895. * * * The above [sidewalk] was deep, and packed very hard." The record also showed that the sidewalk on which plaintiff fell was not cleaned after February 9, 1895; the path was bad, and packed in very hard. Snow had fallen on nine days between the time the pavement was last cleaned and the time of the accident, and the drift on the walk was considerable. Plaintiff testified: "When I came on to that walk, I had been standing for these people to come along single file. It was a narrow path, and it was slippery and glary. That was before I entered on it at all. On each side of this path the snow was trodden down." The plaintiff, in traveling this path, stepped on a ridge of ice, and slipped and fell.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles F. Feldman, for appellant.
William L. Jones, for respondent.

HARDIN, P. J.   To sustain the allegations of the complaint the plaintiff produced evidence tending to show that there was an accumulation of ice and snow along the walk at the point where he received the injury of which he complains. The evidence relating to the condition of the walk is very similar to that produced at the circuit held by me when the case of Evans v. City of Utica, 69 N. Y. 166, was on trial.   In that case it was said by the court of appeals, viz.:

"The question whether the plaintiff was chargeable with contributory negligence was a question of fact, which was properly submitted to the consideration of the jury."

In that case it was claimed that the plaintiff was notified of the condition of the walk before passing over it, and in respect to that aspect of the case the opinion in the court of appeals observes:

"Assuming that he was notified, the inference by no means follows that the plaintiff was negligent. * * * As the case stands, it cannot be properly urged that as a matter of law contributory negligence was manifest, so as to justify a nonsuit. Nor is there any ground for claiming that the danger of passing over the ice was so apparent that the plaintiff had no right to proceed after he had discovered the condition of the walk."

In Smith v. Ryan, 8 N. Y. Supp. 853, it was said:

"It is not negligence per se for a person, knowing the defective condition of a sidewalk, to pass over it. In doing so he is only required to exercise the care and caution which a person of ordinary prudence would exercise in like circumstances."

In Pomfrey v. Village of Saratoga Springs, 104 N. Y. 460, 11 N. E. 43, it was said, viz.:

"The. evidence tended to show that this embankment of snow and ice was perfectly visible. There was a light covering of recent snow over the ice."

And it was held:

"A refusal of the court to charge as matter of law that it was negligence for plaintiff, under the circumstances, to attempt to pass over the embankment, was not error."

In Bullock v. City of New York, 99 N. Y. 654, 2 N. E. 1, it was held that:

"A passenger upon a street has a right to use its sidewalk, although knowing it is in an unsafe condition; and, if injured, it is a question for the jury whether he was guilty of any carelessness which contributed to the injury."

In Goff v. Village of Little Falls, 20 N. Y. Supp. 175, it appeared that snow had been allowed to accumulate to the depth of three inches, and it also appeared that on the day of the accident there had been storm and sleet covering the sidewalk with a coating of ice; and it was held that the proofs justified the submission of the question of the defendant's negligence to the jury. And also, as stated in the language of Martin, J., viz.:

"We are also of the opinion that the question whether the plaintiff was guilty of contributory negligence was, under the evidence, a question for the jury, and the court could not have properly held as a matter of law that the plaintiff was negligent,"—citing numerous cases.

In the course of the opinion delivered in Sherman v. Village of Oneonta, 21 N. Y. Supp. 137, affirmed 142 N. Y. 637, 37 N. E. 566, it was said:

"We are of the opinion that upon all the evidence the question whether the plaintiff was guilty of contributory negligence was for the jury. The plaintiff had a right to assume that all parts of the street intended for travel were reasonably safe, as the defendant was under an absolute duty to keep its streets in a reasonably safe condition for public travel, and was bound to exercise reasonable diligence and care to accomplish that end. We are of the opinion that the trial court properly refused to take from the jury the question whether the plaintiff was free from contributory negligence, and also properly refused to set aside the verdict upon that ground."

In the case in hand the evidence which was offered in behalf of the plaintiff upon the question of his prudence and care at the time he received the injuries was such that within the principles and authorities which we have referred to we are of the opinion that the trial court was called upon to submit the question of the plaintiff's freedom from contributory negligence to the jury, and that their verdict in that respect ought not to be disturbed.

2. Upon the question of whether the defendant was guilty of negligence which caused the injuries received by the plaintiff or not, we think there was evidence given upon the part of the plaintiff tending to establish that the defendant had been derelict in its duty in respect to the street at the point where the plaintiff received the injuries. Two or three days after the injury one witness testifies that he examined the walk at the point where the accident occurred, and found nine inches of ice. Several other witnesses detail the circumstances relating to the condition of the walk, tending strongly to indicate that it was left in an unsuitable

condition for a period of time sufficient to attract the attention of the city authorities.    True, there is evidence given on the part of the defendant, which, to some extent, tends to mitigate, as well as contradict, the evidence offered by the plaintiff; and, under the circumstances disclosed in the evidence, we are of the opinion that the trial judge committed no error in submitting the question as to the defendant's negligence to the jury, and that their verdict is sustained by evidence warranting the conclusions reached by the jury.    The evidence in the case in hand differs quite essentially from the evidence and circumstances disclosed in Durr v. Village of Green Island, 71 Hun, 260, 24 N. Y. Supp. 1014.    And the case in hand differs very essentially in its facts from Kinney v. City of Troy, 108 N. Y. 567, 15 N. E. 728.    In that case it appeared that three days before the accident the sidewalk was all right; and in the course of the opinion in that case it was said:

"But here there was no accumulation, and it can scarcely be said there was unevenness at the place of the accident. * * * It does not appear that ordinary care had not been exercised to keep the walk safe for use in the usual mode by travelers, nor that it was not so."

We think the case in hand differs from Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186.    In the course of the opinion delivered in that case it was said :

"The proof fails to show that there was any unusual or dangerous obstruction to travel arising from snow or ice in the street, or, even if there was, that any such lapse of time had intervened between the period of its creation and the occurrence of the accident as afforded a presumption of knowledge in the municipality of its condition, or opportunity to remove the obstacle after the notice was received."

Clifford, a witness called for the defendant, and who was its street inspector, said that West Ferry street was a part of his district, and that he knew where the vacant lot was on the south side of Ferry street, where the man is supposed to have fallen; and he says that it was clear prior to the 1st of February, and on the 29th of January, and on the 16th of January, and on the 15th of January, and on the 2d of January; and that his duty took him there very frequently, and that he observed it; and he testified, viz.:

"This is report No. 13,779.    That is what I wrote on that report.    This is 13,-816.    That is my signature.    That is for February 9th.    The path was bad, and packed in very hard."

The witness Coppins testified that on the 27th of February he went to the place where the accident occurred, and cut through the ice into the sidewalk, to see how deep it was.    He says:

"I found nine inches of thick ice.    I observed the condition of the sidewalk when I went up there to cut on the 27th.    It was all solid ice.    It had thawed so there was nothing remaining but ice.    The path was the width of the sidewalk.    The first morning, the morning of the 25th, I was there, and saw where the snow had been trampled.    That is the way I came to find the place.    When I cut this thick ice through there, the ice covered the sidewalk for the whole width.    It was packed more, it was not in the middle, exactly, where the width was; it was a little more sloping on the sides.    There was no light snow.    On the first day I went there there was greater thickness.    I presume it was twelve to eighteen inches, possibly; ice and snow together.    It had thawed during the 24th and 25th."

The witness Davidson, who went up to the place of the accident with Coppins to see the sidewalk, and to measure the snow or ice, testified:

"I found nine inches of ice on the sidewalk in front of these lots. It had been thawing for a number of days before that,—for two or three days. No snow had fallen for the two or three days since the accident,—since the 23d."

Other evidence was given tending to show the negligent condition of the sidewalk, and we think the evidence was sufficient to call upon the court to submit the question of the defendant's negligence to the jury. It appeared in evidence that the city had ordinances imposing upon adjacent owners the duty of keeping the sidewalks in a suitable condition. The fourteenth section of the city's ordinance is as follows:

"It shall be the duty of every owner or occupant of any premises fronting on any public street or alley to remove before nine o'clock in the morning all snow and ice which may have fallen upon the sidewalk in front of said premises. In case said sidewalk is not planked, flagged or paved its full width it shall be necessary to remove such snow or ice only for a space three feet in width."

The fifteenth section provides:

"In case of neglect or refusal of any owner or occupant to comply with the provisions of the foregoing sections, he shall pay a fine of not less than $5.00. It shall be the duty of the bureau of streets to see that the provisions of this section are enforced, and in all cases of its violation it shall be the duty of the superintendent of streets to employ men to do the said work at a price not exceeding twenty-five cents per hour."

The evidence in the case before us quite clearly indicates that in regard to the street in question the city neglected to enforce an observance of the ordinances, or to keep the sidewalk in such a condition as to comply with the tenor of the requirements found in the ordinances to which we have referred.

In the body of the charge the learned trial judge submitted the questions of fact carefully to the jury, and we have discovered no error committed by him in dealing with the several requests that were submitted to him, most of which, if yielded to, would have required the judge to repeat portions of his charge.

It is stated in the case, viz.:

"No question is raised as to the amount of the verdict, and the evidence bearing on the extent of the plaintiff's injuries is left out."

Judgment and order affirmed, with costs. All concur.