MARGARET WALSH, Respondent, v. THE CITY OF BUFFALO, Appellant.

*Negligence — constructive notice to a city of a defective sidewalk.*

Evidence that a city sidewalk, at a particular point and for a considerable distance on either side thereof, had, for about two weeks, been covered to a depth of four or five inches with an accumulation of ice and snow, which was higher in the center of the walk than upon the sides, and that the entire width of the sidewalk was in an icy and slippery condition, so that it was difficult to pass over the same without slipping and falling, justifies a verdict charging the city with constructive notice of the dangerous condition of the walk.

APPEAL by the defendant, The City of Buffalo, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 31st day of July, 1896, upon the verdict of a jury for $726.06, and also from an order entered in said clerk's office on the 29th day of August, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Charles L. Feldman, Corporation Counsel*, for the appellant.

*Frank R. Perkins*, for the respondent.

GREEN, J.:

Plaintiff instituted this action to recover damages on account of injuries received from a fall on a defective sidewalk on the west side of Franklin street, between Genesee and Court streets, in front of lands owned and occupied by the defendant, upon which the High School building is located. Plaintiff was a trained nurse, and was dependent upon the compensation received by her for services rendered in that capacity. On the morning of Sunday, February 4, 1894, while on her way to church, and while proceeding on the sidewalk in front of the High School building, she slipped and fell, and the result was a fracture of her left wrist, known as a "Colles fracture." The evidence discloses that the plaintiff was proceeding carefully along this sidewalk and was exercising such care and caution as a person of ordinary prudence would have exercised under the circumstances; she thus fulfilled the duty which the law imposed upon her in passing along the street. (*Evans* v. *City of Utica*, 69 N. Y. 166.)

The vital question upon the trial was, whether the city was guilty of negligence for the condition of the walk. It was incumbent upon the plaintiff to show by a fair preponderance of evidence that this walk was in an unsafe condition for use by those who had occasion to travel over it, and that by reason of such unsafe condition the injury complained of was suffered by the plaintiff. It was further incumbent upon the plaintiff, before she could recover for such injury, to also show, by a like preponderance of evidence, that the city had notice of the defective condition of the walk. There having been no actual notice to the city, it was necessary for the plaintiff to show that the defect, if one existed, had so existed for such a length of time that the jury could say that the city, in the active discharge of its duties toward the citizen, ought to have discovered and remedied the defect. Evidence was given by the plaintiff tending to show that this walk, at the point where the accident occurred and for a considerable distance on either side of that point, was covered with ice and snow some four or five inches in depth; that this accumulation was higher in the center of the walk than upon either side; that the entire width of the sidewalk was in an icy and slippery condition, and that it was difficult to pass over the same without slipping and falling. This evidence is of a convincing character; it was so convincing to the jury that it found by its verdict that the walk was in the condition as contended for by the plaintiff. It was further shown on behalf of plaintiff that this condition had existed for some considerable time before the accident, one of the witnesses, a disinterested party, testifying that it had been in such condition for about two weeks preceding that time. Upon this evidence the jury found that the city had constructive notice of this dangerous condition of the walk. There is evidence to sustain such finding, and the verdict of the jury should not be disturbed. It is true the defendant produced evidence tending to show that the walk was in a safe and proper condition at the time of the accident. An examination, however, of the evidence of both parties convinces me that the propositions submitted to the jury were correctly decided by that body. It is unnecessary to enter into the detail of the evidence upon either side. The attention of the jury was called to it in great detail by the

learned trial justice presiding at such trial. The charge of the court upon the questions submitted was as favorable to the defendant as, under the circumstances, it could possibly expect or demand.

The corporation counsel makes the claim that the plaintiff should have been nonsuited and that she cannot maintain this action, for the reason that, previous to the commencement of the action, she did not comply with the statute requiring service upon the corporation counsel of notice of intention to commence the action and of the time and place where the accident occurred. It appears that this action was first brought to trial in April, 1895, and the complaint was dismissed, by direction of the court, after such trial before the court and jury. The dismissal was upon the ground that the notice of intention required by the statute had not been properly served upon the corporation counsel. An appeal from that judgment was taken by the plaintiff, and such judgment was reversed and a new trial granted at General Term, and the opinion will be found in 92 Hun, 438. It appears from that opinion that the facts that the injury sustained by plaintiff was attributable to the negligence of the defendant, and that plaintiff was free from contributory negligence were conceded at that trial, and that the only question there presented was, whether the plaintiff had filed with corporation counsel the requisite preliminary notice of intention to commence the action. After a full discussion of the question presented to the General Term it was decided by that tribunal that the notice given by plaintiff embraced all that was requisite to comply with the provisions of the law respecting such notice; with that decision we are in full accord.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.