BECK v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—ICE ON SIDEWALK.

A city is liable for injuries resulting from ice on a sidewalk, caused by the packing of snow which had been allowed to remain on the walk· for several weeks.

2. SAME—CONTRIBUTORY NEGLIGENCE.

The fact that a person injured by slipping on an icy sidewalk knew the dangerous condition of the sidewalk did not make him guilty of contributory negligence in attempting to walk thereon.

3. APPEAL—NONSUIT—REVIEW.

On appeal from a judgment of nonsuit, the evidence must be given a construction most favorable to plaintiff.

McLennan, J., dissenting.

Appeal from trial term, Erie county.

Action by James R. Beck against the city of Buffalo for injuries resulting from a fall on an icy sidewalk. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Irving W. Cole, for appellant.
William S. Jackson, for respondent.

SPRING, J. Plaintiff and a man named Orvis were walking along the sidewalk on Elk street. In front of premises No. 688 the snow and ice had been allowed to accumulate, and by constant usage a path had been formed and packed in the center of the walk, sloping up 3 or 4 inches on the sides of this dish-shaped space. The worn track was slippery, and 18 to 20 inches in width. This had remained substantially unchanged for three or four weeks. In front of these premises, and adjacent to the inner side of the walk, was a railing of gas pipe, about 18 inches from the ground. As they were going along, the plaintiff turned out to catch a remark of his companion, who was ahead of him, and suddenly slipped; falling upon the pipe, and dislocating two ribs, and otherwise injuring him.

The law has become settled in this state that there is an affirmative duty upon a municipality to keep its sidewalks reasonably free from accumulations of ice and snow. The failure to do this after adequate notice, or after ample time has elapsed to justify the inference of knowledge of the defective condition, constitutes negligence on the part of the city. Keane v. Village of Waterford, 130 N. Y. 188, 29 N. E. 130; Walsh v. City of Buffalo, 17 App. Div. 112, 44 N. Y. Supp. 942; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43; Goff v. Village of Little Falls, 20 N. Y. Supp. 175; Haight v. City of Elmira, 42 App. Div. 391, 59 N. Y. Supp. 193. This does not mean that the city insures absolutely safe walks; but the obligation does exist, and it is a fiction unless it bears fruit, in keeping these walks in a fair degree of safety for the traveling public. In Keane v. Village of Waterford, supra, plaintiff fell on an uneven ridge of ice and snow on the walk, which had been accumulating for about three weeks, and which had never been removed; and a verdict for the plaintiff was sustained. In Walsh v. City of Buffalo, 17 App. Div. 112, 44 N. Y. Supp. 942, there was a like ridge, with sloping sides, which had existed for a considerable time, and a recovery was upheld. In Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, there was a ridge of ice on the sidewalk, formed by water falling from a conductor; and the city was held chargeable with negligence, although the carelessness of the plaintiff caused his judgment to be overturned. This is not the case of newly-formed ice, common to the entire city, but the snow which had fallen several weeks before had never been removed; and that is the pith of the defendant's negligence. It is therefore to be distinguished from the line of cases like Anthony v. Village of Glens Falls, 4 App. Div. 218, 38 N. Y. Supp. 536, and Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726. In that class of cases there was a general icy condition throughout the entire locality. The weather had been severely cold in each instance before the accident, except for an occasional rain, which added to the slipperiness of the walks and to the difficulty of removing the ice. There was no lack of effort to make the walks reasonably safe, but the severity of the weather and the climatic changes rendered it impossible to do so by reasonable diligence. In this case the jury could have found from the evidence that the walk remained

burdened with this accumulation of ice and snow, without any attempt to make it suitable for the use of those traveling over it. The fact that there was a slight fall of snow the day the plaintiff slipped does not raise a cause for the accident independently of the long-standing snow and ice formation, within Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, and Grant v. Railroad Co., 133 N. Y. 657, 31 N. E. 220. In those cases there was a steep grade, and it was left to the jury to speculate whether the accident was due to the original fall of snow, or to that which had recently fallen; and, if to the latter, confessedly, no liability followed. Here the street was level and even, but the packed collected snow created a dangerous condition, amounting to an obstruction, and that condition was not relieved or added to materially by the slight coating of snow which covered it the day of the accident to plaintiff. The circumstance that plaintiff knew the condition of the walk did not make him chargeable, as matter of law, with contributory negligence. He still had a right to use it, exercising the greater caution required by reason of his knowledge; and whether he fulfilled that burden was for the jury to determine. McPherson v. City of Buffalo, 13 App. Div. 502, 43 N. Y. Supp. 658; Stone v. City of Poughkeepsie, 15 App. Div. 582, 44 N. Y. Supp. 609; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 460, 11 N. E. 43. The plaintiff testified that he "was going along just as carefully as I could, and looking down, and saw this dangerous condition there. Saw this oval shape there next to the rail, and was walking in the center, as near as I could, to avoid that." If this is a true statement of his conduct as he was passing along this walk, the jury would be justified in finding that he exercised care commensurate with his knowledge that the walk was slippery. While there is evidence tending to show a different state of facts than those presented, the plaintiff, as the case is now before us, is entitled to the construction most favorable to him, and from that view point the nonsuit was error.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, J., who dissents.