(15 App. Div. 582.)

## STONE v. CITY OF POUGHKEEPSIE.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

1. MUNICIPAL CORPORATIONS—ICY SIDEWALKS—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is a question for the jury, where plaintiff testifies that she was walking cautiously, with rubbers on, and looking where she stepped, at the time she was injured by falling on an icy sidewalk in defendant city.

2. SAME—NEGLIGENCE.

Negligence of defendant city in permitting ice to accumulate on a sidewalk is a question for the jury, where there is evidence that it was formed by the freezing of water which ran down from the roof of a building, and that such condition had existed during the whole winter.

Appeal from trial term, Dutchess county.

Action by Mary J. Stone against the city of Poughkeepsie for personal injuries. From a judgment entered on a verdict for $2,500 in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. L. Williams, for appellant.

Stephen G. Guernsey, for respondent.

CULLEN, J. This action is brought to recover damages for personal injuries received by the plaintiff through falling on a sidewalk in Main street, in the city of Poughkeepsie, which at the time was covered with ice. The only questions presented on this appeal are those raised by the defendant's motion for a nonsuit, that the evidence was not sufficient either to establish the plaintiff's freedom from fault, or negligence on the part of the defendant. According to the evidence offered on the plaintiff's behalf, at the place of the accident a barn abutted on the sidewalk. The rain falling on the roof of the barn was collected in a gutter, and thence carried down the face of the building through a leader, which discharged on the sidewalk. The evidence tended to show that during substantially the whole of the winter the water from the leader spread over the sidewalk, and there froze, rendering the sidewalk slippery and unsafe. The ice formed in mounds or ridges several inches in depth. The plaintiff testified that while she was walking upon the sidewalk cautiously, with rubbers on, and looking where she stepped, her foot struck a "hunk" of ice, and was knocked from under her, so that she fell. By that fall her hip was broken. We think on this evidence the question of the plaintiff's contributory negligence was for the jury. In Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780, the plaintiff slipped on a ridge of ice and fell, sustaining injuries. A recovery by the plaintiff was reversed, on the ground that no evidence was given tending to establish the plaintiff's freedom from negligence. In fact, in that case the plaintiff seems to have wholly omitted testifying on the subject-matter. It was there said:

"If she discovered the ridge, she was not required to leave the sidewalk, but she might, without being subjected to the charge of negligence, using due care,

have kept on her way. But she could not heedlessly disregard the precautions which the obvious situation suggested, and proceed as though the sidewalk was free and unobstructed."

Under this rule it was not negligence per se for the plaintiff to attempt to pass over the sidewalk. She was simply bound to be careful in proceeding to cross it. She testified that she was careful; that she had rubbers on, tending to prevent her slipping. It was for the jury to say, as a question of fact, whether the plaintiff used reasonable precautions.

We are also of the opinion that the evidence was sufficient to justify the submission to the jury of the question of the defendant's negligence. While the evidence tended to show that, immediately before the time of the accident, there had been a period of continuously cold and freezing weather, still it was also shown that the condition of the sidewalk was not occasioned by this fact alone, nor was it a necessary result of the climate. The present case is to be distinguished from those cited by the counsel for the appellant. In Kinney v. City of Troy, 108 N. Y. 567, 15 N. E. 728, the ice on which the plaintiff fell was of recent formation, and existed in sheets all over the city. It was held that the city was not responsible; that it could not be expected to prevent or remove a formation of ice from the ordinary action of the elements only. At the same time it was said (citing Todd v. City of Troy, 61 N. Y. 506): "That this city may be liable to a traveler for injuries occasioned by sidewalks unsafe in consequence of an accumulation of ice is not to be questioned." The decision in the Kinney Case, as stated in the opinion, proceeded on the ground that there had been no accumulation of ice. Kaveny v. City of Troy, 108 N. Y. 571, 15 N. E. 726, was another case of injury by falling on a slippery sidewalk. There an hotel building adjoined the sidewalk. Two conductors led down from the eaves of the hotel to the sidewalk. The evidence shows that water from the eaves dropped on the sidewalk. The evidence also tended to show that, by successive thawing and freezing for some period, the sidewalks throughout the city generally were coated with ice. It was held that the city was not responsible; but as appears from the opinion, the decision proceeded on the ground that it was not shown that the discharge from the conductors or leaders contributed to the condition of the sidewalk, nor that the water dropping from the eaves caused the ice. Nor in that case does there appear to have been any accumulation of ice. It is this latter fact that is the distinguishing feature between the case before us and those cited. For permitting ice to accumulate during a long period upon the sidewalk cities have been repeatedly held liable. Todd v. City of Troy, 61 N. Y. 506; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 465, 11 N. E. 43; Gillrie v. City of Lockport, 122 N. Y. 406, 25 N. E. 357. In this case the jury could from the evidence find that the accumulation of ice had been occasioned, not by strictly natural or climatic causes, but from the fact that the leader collected the water from the roof of the building, and discharged it in bulk upon the sidewalk. They might have found that it was negligence for the city to allow the sidewalk

to remain in this condition for a long time, and they might have further found, from the testimony of the plaintiff, that it was not the generally slippery condition of the sidewalks, but the accumulation of ice, forming ridges and "hunks," which caused her to fall and meet her injury. The judgment and order appealed from should be affirmed, with costs. All concur.