(19 App. Div. 586.)

GROTHIER v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

PLEADING—AMENDMENT.

The exercise by the trustees of the New York and Brooklyn Bridge of the right conferred by Laws 1891, c. 128, to examine, before a judicial officer, a person who presents a claim against them, is a virtual admission of the sufficiency of the notice of claim presented, and an amendment of the answer, in a suit on the claim, should not afterwards be allowed, to enable the defendant to deny sufficiency of the notice.

Bradley and Cullen, JJ., dissenting.

Appeal from special term.

Action by Margaret Grothier against the trustees of the New York and Brooklyn Bridge. From an order denying defendant's motion to amend its answer, it appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James C. Bergen, for appellant.
E. J. McCrossin, for respondent.

GOODRICH, P. J. The plaintiff sued to recover for personal injuries occasioned by the defendant's negligence. She alleged that, as required by section 8, c. 128, Laws 1891, she presented to the defendant her claim for damages 30 days before the commencement of the action, and within 6 months after the cause of action accrued, and that she was thereafter examined by the defendant before a judge of this court. The defendant's answer made no reference to these allegations, and thereby admitted them. In April the defendant applied to the special term for leave to amend the answer by alleging that the notice of claim did not comply with the provisions of the act of 1891. The defendant's affidavit stated that in another action against the defendant, then recently tried by the defendant's counsel, the trial justice held "that, where the notice and its service had been pleaded, and no denial of this plea was found in the answer, defendant could not, at the trial, deny regularity of the notice, and an application then and there made for leave to amend the answer and plead accordingly was refused." The motion was denied, and from that order this appeal is taken.

It is evident that the defendant actually received some notice of the plaintiff's claim and demand, purporting to be given under section 8, as it thereafter exercised the right conferred by that section to examine the plaintiff on oath, before a judicial officer, as to her claim for damages. This is the admitted allegation of the complaint, and the defendant does not ask to amend the answer so as to deny this allegation. We think this examination was a virtual admission of the sufficiency of the plaintiff's notice, and that, having claimed and

exercised the right of examination conferred by the statute only when such a notice has been served, it was an admission of its sufficiency, and compliance with the statute, which estops the defendant to set up the insufficiency of the notice. We are not unmindful of the tendency of the courts to permit amendments of pleadings, but this must be in furtherance of justice; and, in our opinion, the learned justice at the special term exercised a sound discretion in denying the motion to amend.

The order must be affirmed. All concur, except BRADLEY and CULLEN, JJ., dissenting.