(40 App. Div. 568.)

## HAWLEY v. CITY OF JOHNSTOWN.

(Supreme Court, Appellate Division, Third Department.   May 3, 1899.)

MUNICIPALITIES—PRESENTATION OF CLAIM—LIMITATIONS—PLEADING.

> Under Laws 1895, c. 568, § 230, providing that an omission to present a claim against a city for negligence within three months from the injury shall bar action thereon, the matter in bar is defensive, and the affirmative need not be pleaded by plaintiff.

> Herrick, J., dissenting.

Appeal from special term, Fulton county.

Action by Clark P. Hawley against the city of Johnstown. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Andrew J. Nellis, for appellant.

M. D. Murray and D. H. McFalls, for respondent.

LANDON, J. The complaint alleges damages to plaintiff's property, caused by the negligence of defendant. The demurrer is based upon the absence of allegations in the complaint of performance of the conditions prescribed in section 230 of the city charter (chapter 568, Laws 1895), which is in these words:

"Sec. 230. Limitations of Actions against the City for Negligence.—All claims against the city for injuries on account of alleged negligence shall be presented to the common council in writing within three months after said injury is received, describing the time, place, cause and extent of the injury, and giving the names of all persons present at the time, so far as the same are known and also the nature and extent of the injury, verified by the oath of the claimant, if possible. An omission to present such claim within three months, as above provided, shall be a bar to an action thereon against the city. No action shall be commenced against said city on such claim within two months from the presentation thereof, and no such action shall be commenced after the expiration of one year from such injury."

In Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792, it was held that, when the city charter required the presentation of a similar written claim, and then declared that "no action or proceeding to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council," it was necessary to allege in the complaint the presentation of the claim, and the expiration of the 40 days thereafter before the commencement of the action. The court said:

"The inquiry is whether this provision was intended to operate as a condition precedent to the commencement of an action, or simply to furnish a defense to the city in case of an omission to make such demand. We think the plain language of the statute excludes any doubt on the subject."

Here the provision is different. The caption of the section is, "Limitations of Actions against the City for Negligence." The section declares, "An omission to present such claim within three months as above provided shall be a bar to an action thereon against the city." Where the terms of the statute indicate that it is a bar, and its caption so declares, "the plain language of the statute" (to borrow the words of the opinion in the case cited) "excludes any doubt on the

subject." The matter is therefore defensive, and the plaintiff need not plead it. The further provision of section 230, that "no action shall be commenced against said city on such claim within 2 months from the presentation thereof," differs from the provision in the case cited in this: There the action could not be commenced until the expiration of 40 days after the performance of the condition precedent to its existence; here, that it shall not be commenced within two months after removing the defensive bar which the defendant might possibly plead to this kind of remedy. As the first goes to the existence of the cause of action, it must be set forth in the complaint. As the second goes to the existing continuance of the statutory bar to the remedy upon the cause of action, it is defensive, and the plaintiff need not, in his complaint, anticipate and obviate it. It is reasonable to give the city early notice of the claim, and a reasonable time to make inquiry as to its merits; but to make this a condition precedent to the plaintiff's cause of action, instead of a defense to it, is in derogation of his common-law rights, and the statute should be strictly construed in favor of such rights.

The interlocutory judgment should be affirmed, with usual leave to answer upon payment of costs. All concur, except HERRICK, J., dissenting.