## GREEN v. VILLAGE OF PORT JERVIS.

(Supreme Court, Appellate Division, Second Department.   November 23, 1900.)

MUNICIPAL CORPORATIONS—NEGLIGENCE—PERSONAL INJURIES—NOTICE.

Under a city charter providing that no action for personal injuries shall be maintained unless notice of intention to sue has been filed within 48 hours after the cause of action accrued, a notice filed by plaintiff some 5 days after his injuries, alleging that the delay was occasioned because his injuries incapacitated him for that time, gave a timely notice of the accident, and was a substantial compliance with the statute.

Appeal from special term, Orange county.

Action by Henry Green against the village of Port Jervis. From a judgment in plaintiff's favor, defendant appeals.   Affirmed.

See 64 N. Y. Supp. 547.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William A. Parshall, for appellant.

Frank Lybolt, for respondent.

HIRSCHBERG, J.   The plaintiff sues to recover damages arising from serious and permanent personal injuries received in a fall on one of the defendant's streets, on the 16th day of February, 1899, occasioned by the defendant's negligence.   Section 82 of the defendant's charter (chapter 529, Laws 1896) provides as follows:

"No action against said village for damages for personal injuries alleged to have been sustained by reason of negligence of such village or of any departments, board, officer, agent or employé thereof, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of intention to commence such action and of the precise time and place at which the injuries were received, shall have been filed with the clerk of the village within forty-eight hours after such cause of action shall have accrued."

The demurrer is based upon the plaintiff's failure to file notice of intention to commence the action within 48 hours of the receipt of the injury.

It is alleged in the complaint, and of course admitted by the demurrer, that for several days after receiving the injury, and because of the shock to his nervous system, and the effects of anæsthetics administered to him while setting the broken bones of his hip, the plaintiff was in a semiconscious condition, absolutely unable to transact any business whatever, or to give any intelligent statements concerning his fall, or to prepare or give information sufficient for others to prepare a notice of his claim for damages, but that as soon as he was so far recovered from the nervous and mental shock that it was physically and mentally possible for him to do so, viz. on the 21st day of February, 1899, he caused the required notice to be served upon the defendant, which notice the defendant received and filed. No point was raised upon the argument that the complaint does not expressly aver that the notice was filed with the clerk of the village, and it is assumed that the filing referred to in the complaint was in compliance with the requirements of the charter; the only point urged

being that the notice was not timely, having been filed 5 days after the accident, instead of within 48 hours. The notice is attached to, and forms part of, the complaint, and is very specific and precise in its terms. It concludes as follows:

"That the reason this notice has not been heretofore served is that since said injuries to me I have not been in a mental or physical condition to make and prepare statement of same, and this date is the first I have been in condition to furnish a notice, and the first that I have been able to learn that a cause of action therefor has accrued to me."

The time limited in the defendant's charter for the filing of notice of an intention to sue is probably the shortest ever prescribed by the legislature, and the question presented is whether, in the event of so serious an injury that the victim fails to recover consciousness within 48 hours, the legislature intended he should lose all right of action. Such intention would be entirely inconsistent with the provision giving a whole year within which to commence suit, and would be obnoxious to every sense of right and justice. Had the charter required immediate notice to be given (and the provision in question is but little beyond that), it would probably be held to be a substantial compliance with the statute if the notice were filed immediately after the injured party had been removed to his home, and necessary medical and surgical aid administered. So, too, such compliance must be predicated of a notice which declares the intent to sue the very earliest moment that returning consciousness, destroyed by the extent and violence of the wrong, permits the formation of the intention and the expression of the declaration. It can hardly be assumed that the legislature intended the hours during which the unfortunate victim of municipal neglect lay bleeding upon the pavement to be counted among those during which the filing of a notice was incumbent upon him in order to preserve his right of indemnity, or that the provision was designed to secure redress only to those who might be slightly injured. It would be no fanciful construction to regard the time required to find and remove the injured person to a place of safety, and to administer the first necessary aid which would result in restoring him to consciousness as a part of the res gestæ of the accident itself, to the extent, at least, that the right of action could hardly be said to have fully accrued until then, and certainly not for the purpose of requiring the unconscious plaintiff to actually begin the suit by the filing of a paper as a preliminary part of the judicial procedure. The provision requiring the filing of notice is not, strictly speaking, a limitation of the right of action, although failure to comply with it would, of course, operate as a bar. The limitation is contained, as has been seen, in the provision giving the period of a year in which to commence the action. The filing of the notice is but a step in the process of procedure for redress, and, as such, is subject to the salutary and liberal rules which govern questions of practice. It requires that the plaintiff should give the defendant specific information concerning the accident, through a certain channel, and within a given period, as a condition precedent to the maintenance of an action. If the defendant willfully refuse to receive the information or to permit it to be given, if its officers, acting under its orders, seize

the plaintiff, and hold him fast during the whole of the prescribed period, so that the conveyance of the information be rendered a physical impossibility, the defendant would hardly be permitted to plead the consequent default as a defense; and the same reasoning would seem to apply with equal force to the case of an injury which, by its exceptional severity, should render the plaintiff physically and mentally impotent until the statutory period has passed by. If the designated period constituted an absolute limitation, it would be necessarily arbitrary and inflexible in its operation, and the questions suggested would be for the consideration of the legislature alone. But, being the mere designation of a period of time in its relation to one in a series of practical proceedings designed for the enforcement of a right and the redress of a wrong, the plaintiff must be held only to the general rule requiring substantial compliance, and will be absolved from the consequences of inevitable failure, where he has done all which the acts of the defendant permit him to do. In Missano v. City of New York, 160 N. Y. 123, 54 N. E. 744, and Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, the court of appeals has decided, with respect to a similar notice of intention to commence action required by chapter 572 of the Laws of 1886, that a substantial compliance with the statute was all that was necessary. The deviation, it is true, in neither case related to the question of time, but the principle involved is the same. In the Missano Case the notice was served upon the wrong official, and in the Sheehy Case it failed to state the existence of an intention to sue. The court held in the former case that the provision requiring notice affected, not the cause of action, but the remedy, by regulating the procedure; and in the latter case that, as the notice relates to the remedy, and not to the right, the service of a proper notice, under the statute, is not strictly a part of the plaintiff's cause of action. The provision of the charter requiring preliminary notice of an intention to sue attaches only, as has been said, as a condition precedent to the commencement of an action against the village (Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80), and, if compliance with the condition is rendered temporarily impossible by the wrongful act of the defendant, it would be monstrous to allow the defendant to assert that fact as a defense to the action. The requirement of notice necessarily presupposes the existence of an individual capable of giving it, and not one deprived of that power by the operation of the very wrong to be redressed. That the defendant should be permitted to take advantage of its own wrong is clearly not within the purview of the law. As was said by Judge Martin of the statute of 1886 in the Sheehy Case (page 143, 160 N. Y., page 750, 54 N. E.):

"The plain object of this statute was to provide means by which a city could better guard against the imposition of unfounded claims by being at once informed of their existence, so that its officers might more readily pursue an investigation of their merits than if longer postponed. On the other hand, it could not have been its purpose to deny to a party injured by the negligence of a city any remedy against it, nor to unnecessarily embarrass parties in the enforcement of their rights. While, in an action like this, the statute must be substantially complied with, or the plaintiff cannot recover, still, where an

effort to comply with it has been made, and the notice served, when reasonably construed, is such as to accomplish the object of the statute, it should, we think, be regarded as sufficient."

The notice in this case was served at the first moment possible, was accepted by the defendant apparently without question, and, having accomplished the purpose of the statute by furnishing the defendant's officials with timely notice of the accident and an opportunity for prompt investigation, such service must be deemed, under the circumstances, to be a substantial and sufficient compliance with the requirements of the law. The interlocutory judgment should be affirmed.

Interlocutory judgment overruling demurrer to complaint affirmed, with costs. All concur.