(68 App. Div. 262.)

## GRAHAM v. CITY OF POUGHKEEPSIE.

(Supreme Court, Appellate Division, Second Department.   January 17, 1902.)

1. MUNICIPAL CORPORATIONS—ICE ON SIDEWALK—PERSONAL INJURY—LIABILITY OF CITY—EVIDENCE—SUFFICIENCY.

The ice on which plaintiff fell had been allowed to accumulate on a slanting street crossing and remain for the most of the winter, though the city had an ordinance requiring the removal of snow, and for sprinkling ashes, etc., on slippery streets.   Rain had fallen during the day before the accident, and there was some evidence that it had frozen, forming a new surface; but this was denied by plaintiff's evidence. *Held* sufficient to show that the accident was caused by the negligence of the city in allowing the street to continue in a dangerous condition, and not from an unavoidable formation of new ice, resulting from the rain.

2. SAME.

A city allowing an accumulation of ice on a sidewalk is liable for a person injured by slipping on new ice formed thereon from a rain when the temperature was such that ice would not have formed on an ordinary sidewalk free from ice.

3. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

The plaintiff in an action against a city for injuries received by a fall on an icy sidewalk testified that it was quite dark, and that she walked carefully and wore rubbers, and that it was a mild day, and the walks were not generally slippery, and she had no knowledge of that place being slippery. *Held* sufficient, in the absence of contradictory evidence, to show that plaintiff was not guilty of contributory negligence.

Appeal from Dutchess county court.

Action by Agnes Graham against the city of Poughkeepsie for damages for an injury received by falling on an accumulation of ice negligently allowed to remain on a street of defendant city.   From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Martin Heermance, for appellant.

Morschauser & Wood, for respondent.

WOODWARD, J.   The plaintiff in this action is a woman something over 65 years of age.   About 6 o'clock in the evening of January 21, 1901, while walking upon the sidewalk of one of the principal streets of the defendant, she slipped and fell, sustaining serious injuries, for which a jury has awarded her damages to the amount of $1,500.   Upon the appeal from the judgment and the order denying a motion for a new trial, four points are urged in behalf of the defendant, which will be considered in their order as appearing in the appellant's brief.

The first proposition of the appellant is that the trial court erred in denying defendant's motion for a nonsuit, as it is claimed that the case at bar is within the decision in Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492.   This is not the first time that the Taylor Case, supra, has been cited in support of injustice, but in none of the adjudicated cases do we find that it has been followed, except in cases clearly within its scope; and the

growing tendency of municipal corporations, through legislative en-
actments, to avoid their legal liabilities by short statutes of limita-
tions, or by imposing conditions precedent which have this effect,
as considered and reviewed in the recent cases of Green v. Village
of Port Jervis, 55 App. Div. 58, 66 N. Y. Supp. 1042, and Barry v.
Same, 64 App. Div. 268, 72 N. Y. Supp. 104, makes it important that
the law be not extended in that direction. It is of primary concern,
not alone to those who are injured, but to those who are called
upon to use the thoroughfares of the ever-increasing number of mu-
nicipal corporations in this state, that there shall be a legal responsi-
bility for the negligent discharge of duties imposed upon such cor-
porations as the consideration of their being. It has long been
the recognized law of this state that whenever an individual or a
corporation, for a consideration received from the sovereign power,
has become bound by covenant or agreement, either expressed or
implied, to do certain things, such individual or corporation is liable,
in the case of neglect to perform such covenant, not only to a public
prosecution by indictment, but to a private action at the suit of any
person injured by such neglect. In all such cases the contract made
with the sovereign power is deemed to inure to the benefit of every
individual interested in its performance. Barry v. Village of Port
Jervis, 64 App. Div. 276, 72 N. Y. Supp. 104, and authority there
cited. In the case at bar it is conceded that the defendant owed
the plaintiff the duty of keeping the streets and sidewalks in a rea-
sonably safe condition for travel. The evidence supports the ver-
dict of the jury that through the negligence of the defendant the
sidewalk where this accident occurred had become in a dangerous
condition, and that the plaintiff suffered the injury complained of
through no fault on her part. In the Taylor Case, supra, the side-
walk extended by an unoccupied lot, and was bounded by an unpro-
tected bank of earth, which in successive years had washed down
upon the walk, until the flagging was entirely covered by it, and a
new and sloping grade substituted for the one adopted. The sand
on the inner line was about eight inches in depth, growing less
toward the curb, where it was about one inch. In winter this was
covered with snow, which was never removed. Before the acci-
dent the snowfall had been heavy, and this snow, by reason of the
freezing and thawing, and the tramping of people over it, had been
transformed into ice. No one appears to have been injured at this
point,—probably, as the court suggests, because the sand from the
adjoining bank was washed upon it. "But," say the court, "this
protection disappeared before the plaintiff was injured. On the
night preceding, rain fell, which washed the sand from the ice,
and then froze, covering everything with a new surface, and making
the whole city slippery and dangerous for travel. * * * He
stepped on the new ice surface, just formed, and for the existence
of which the city was in no respect responsible." Under these cir-
cumstances, notwithstanding the fact that it was negligent of the
city to permit the accumulation of sand and gravel upon the side-
walk, making it slope some seven inches in ten feet, the court held
that there could be no recovery, as the accident, under the circum-

stances disclosed by the evidence, where the whole city was made slippery and dangerous by the action of the elements, could not be shown to have resulted from the previously accumulated matter upon the sidewalk. "But no one can say that if the new ice had spread over a level the plaintiff would not have fallen, and there is nothing in the case pointing to the slope as a concurrent cause, beyond the bare fact that it existed, and so nothing to redeem the inference sought from the domain of mere guess and speculation." See page 208, 105 N. Y., page 644, 11 N. E., and page 495, 59 Am. Rep. In the case at bar the evidence is sufficient to warrant the jury in finding that the ordinances of the defendant required the snow to be removed in four hours after a storm, and that provisions were made for rendering slippery walks safe by sprinkling ashes, sand, or other material over them; that at the point where this accident occurred was a driveway crossing the sidewalk, which driveway and the lawn through which it passed sloped to the sidewalk, and that the water from this driveway flowed over the sidewalk on its way to the gutter, causing the snow and ice to assume rough and humpy formations; and that this condition had existed during the greater part of the winter,—some of the witnesses testifying that they had been obliged to go out into the street to get around this place. The defense sought to bring the case within the rule laid down in the Taylor Case by evidence that it had rained during the day before the accident, and that the rain had become frozen, forming a new surface, on which the plaintiff slipped and fell; but the most that can be said in favor of this contention is that there was a conflict of evidence upon the point, and the verdict of the jury must be conclusive here. There was evidence that it had rained during the day before the accident, but there was also evidence that the thermometer ranged from 44° to 40° during several hours before and after the accident; that it was not raining at the time of the accident; and that it was not slippery at the time of the accident, except at the point where the plaintiff fell. The most favorable view of the evidence for the defense would carry the case no further in the direction of the Taylor Case than to permit the inference that the recent rains, falling upon the ice which had been permitted to accumulate, had formed a new surface over the old ice; but this is disputed by the plaintiff's evidence, and the temperature prevailing at the time would not warrant the conclusion. The facts in the case at bar are almost identical with those presented in Colburn v. Trustees, 15 N. Y. St. Rep. 668, affirmed without opinion in 114 N. Y. 617, 20 N. E. 880, where there was the same effort to establish a new surface of ice, and the plaintiff was permitted to recover. The discussion of the case by the general term of the Fifth department, and which was, at least in the result reached, subsequently approved by the court of appeals, fully covers the present case, and distinguishes the Taylor Case, supra, showing that the "condition for which the municipality was held not chargeable with negligence, and for the removal of which it was at liberty to depend upon natural causes, was not an accumulation of ice from any cause, but was that condition produced

by the sudden freezing of the water of falling rain or melting snow, or both, resulting in a thin layer of ice pervading the surface." So, in Gillrie v. City of Lockport, 12 N. Y. St. Rep. 707, 709, the court, in speaking of the Taylor Case, and others which have followed it, say:

"The decisive fact in each of those cases was that the dangerous condition of the sidewalk was owing to natural causes, operating at so short a time before the injury as that either notice to the defendant could not be presumed, or a reasonable opportunity had not been afforded to apply a remedy."

This was a very similar case to the one at bar, and the reasoning of the court at general term was approved by the court of appeals upon this phase of the case (Gillrie v. City of Lockport, 122 N. Y. 403, 406, 25 N. E. 357), but was reversed upon a question of evidence (see Todd v. City of Troy, 61 N. Y. 506, 509; Muller v. City of Newburgh, 32 Hun, 24, 25; McNally v. City of Cohoes, 127 N. Y. 350, 354, 27 N. E. 1043; Stone v. City of Poughkeepsie, 15 App. Div. 582, 44 N. Y. Supp. 609). The last case cited was decided in this department,—Mr. Justice Cullen writing,—and it is instructive upon the point here under consideration.

The second point urged is that there is no evidence of such an apparently dangerous condition as should furnish constructive notice to the officials. We think the evidence is quite full and complete upon this point, and further discussion would not be profitable.

The third point—that it was absolutely impossible for the jury to determine from the evidence that the new ice formed just prior to the accident was not a concurring cause thereof—might be forcible if the evidence established that there was any new ice formed. There was a conflict of evidence upon this point, and the jury have found in favor of the plaintiff. We think the evidence supports the finding which the jury must be presumed to have made. But assuming that there was new ice formed, under the circumstances disclosed by the evidence we are of the opinion that the facts come within the rule cited and approved in the Taylor Case, supra,—that where two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, the one being a culpable defect in a highway, and the other some occurrence for which neither party is responsible, the municipality is liable, provided the injury would not have resulted but for such defect. Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574. We think the evidence would permit the inference that, with the thermometer registering from 44° to 40°, rain falling upon an ordinary sidewalk, free from ice, would not make the sidewalks so slippery as to endanger the life and limbs of those passing over them, while the same rain, falling upon a sidewalk which was permitted to remain in an icy and dangerous condition, might serve to produce this result. The plaintiff testifies that the walks were not slippery at any other point. While there is some effort to establish the contrary, the evidence is equivocal in tone; and the jury had a right to accept the plaintiff's version of the situation, which is strengthened by the evidence of the prevailing temperature. One of the de-

fendant's own witnesses testifies on cross-examination that rain falling on ice would freeze quicker than in falling on the ground, and the whole evidence is out of joint with the contention of the defendant in this case.

The fourth point urged is that there is a lack of evidence to support the judgment on the question of contributory negligence. The plaintiff testifies that it was quite dark; that she went along the walk as carefully as she could; that "I went along carefully at this icy spot. I had rubbers on." It does not require a great deal of evidence to support a finding that one has been free from contributory negligence, especially where it is wholly uncontradicted. The defendant's suggestion that, although the plaintiff knew that it had been raining, she failed to take notice of the fact that the rain had frozen as it fell, is based upon an assumption which was not established by the evidence. The plaintiff testifies: "It was a very mild day, and the walks generally were not slippery. Only on this bad place, and I didn't know anything about it." If the walks generally were not slippery, then it is fair to assume that the rain had not frozen as it fell,—at least, not to such an extent as to make the knowledge of that fact patent to the plaintiff; and the testimony of the plaintiff that she walked as carefully as she could, and that she had rubbers on, is not disputed. See Stone v. City of Poughkeepsie, 15 App. Div. 584, 44 N. Y. Supp. 609.

The judgment and order should be affirmed, with costs. All concur.