(72 App. Div. 220.)

### JEWELL v. CITY OF ITHACA.

(Supreme Court, Appellate Division, Third Department.   May 7, 1902.)

1. MUNICIPAL CORPORATIONS—CLAIM FOR INJURIES DUE TO NEGLIGENCE—TIME FOR PRESENTATION.

The charter of Ithaca (Laws 1888, c. 212, tit. 8, § 8), providing that "no suit shall be maintained against said city upon any claim or claims for injuries resulting from negligence, unless the same shall be presented for payment to the common council of said city at some regular meeting thereof and until thirty days after such presentation shall have been made, or unless claim has been made within sixty days and suit begun within twelve months after the claim has been disallowed by the common council," requires presentation of the claim to be made to the common council within 60 days from the date of the accident.

2. SAME—REASONABLENESS OF TIME ALLOWED.

The 60 days allowed for the presentation of claims is not so short as to be unreasonable.

3. SAME—FAILURE TO PRESENT CLAIM IN TIME—MODE OF RAISING OBJECTION.

Objection that the claim was not presented within the 60 days may be taken by demurrer.

Appeal from trial term, Tompkins county.

Action by Mary J. Jewell against the city of Ithaca. From a judgment sustaining a demurrer to the complaint (73 N. Y. Supp. 953), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

E. H. Bostwick, for appellant.

George S. Tarbell, for respondent.

PARKER, P. J.   This action is brought to recover damages for injuries alleged to have been occasioned by the negligence of the defendant. The complaint alleges facts showing that the defendant negligently left obstructions in its street, owing to which the plaintiff, on February 2, 1901, fell, and was injured; and it also alleges that a verified claim for such injuries was duly presented for payment to the common council of the city of Ithaca, at a regular meeting thereof upon May 15, 1901; that more than 30 days have elapsed since such presentation, and that no offer to pay such claim, or any part thereof, has been made. No other averment concerning a presentation of the claim is contained in the complaint. The defendant's charter (Laws 1888, c. 212, tit. 8, § 8) contains this provision:

"No suit shall be maintained against said city upon any claim or claims, for injuries resulting from negligence, unless the same shall be presented

for payment to the common council of said city at some regular meeting thereof and until thirty days after such presentation shall have been made, or unless claim has been made within sixty days and suit begun within twelve months after the claim has been disallowed by the common council."

The defendant demurred to such complaint on the ground that it does not state facts constituting a cause of action. The trial court sustained this demurrer, and from the interlocutory judgment entered thereon this appeal is taken.

The defendant claims, and the court below held, that under the provision of the charter above quoted presentation of the plaintiff's claim for payment to the common council must be made within 60 days after the accident, and that such presentation was a condition precedent to a recovery; and because the complaint omits to aver such a presentation it fails to aver sufficient to warrant a recovery. This claim, I think, we must sustain. Although the statute is unusually bad in its phrase and construction, and not altogether clear in its meaning, I think the intent is apparent, and its purpose not doubtful. The policy of requiring notices similar to such a one has become general throughout the state, and to any one reading the statute such purpose would be naturally suggested, if he attempt to give any meaning whatever to the words contained in its last sentence. The plaintiff's counsel urges that it is utterly unintelligible because of its failure to state the time from which the 60 days must be computed. He insists that we have no right to read into the statute the words "after the accident." Suppose the words "within sixty days" had been inserted after the word "unless," where it first occurs in the section, would not its meaning be very clear? And yet, even if so phrased, the time from which the 60 days were to be computed would not have been specifically stated. If, in the last sentence, we change the word "or" into "nor," and before the word "claim" insert "such," it would read, "nor unless such claim has been presented within sixty days and suit begun within twelve months after the claim has been disallowed," etc., and I think no doubt would then exist as to the purpose and meaning of that provision. When a change in words no more radical than that will give expression to an intent about which there can hardly be a difference, and one which we would expect to find in such a statute, I am of the opinion that such a change should be made, rather than reject entirely the whole sentence. Evidently the legislature intended to express something by the words used, and, although the draftsman has fallen a great ways short of expressing it clearly, yet from the whole section, and its connection with other provisions of the charter, we may be satisfied that the change above suggested correctly expresses their intent and carries out their purpose.

I cannot concur in the claim that the notice which she has set up in her complaint is a substantial compliance with the statute, assuming that it should be construed as I think it should; and particularly can it not be so considered in the absence of any averment of an excuse for not presenting it as the statute required.

As to the claim of the plaintiff that the period of 60 days in which to present a claim is an unreasonable limitation, and therefore may be disregarded, it is not sustained by the authorities which he cites. Al-

though the question is not without interest, I am not disposed to hold that, as matter of law, the time allowed is so short as to avoid the statute. The plaintiff's claim that the defendant's objection relates to the remedy, and not to the right of action, and therefore should have been pleaded, instead of being taken by demurrer, is against authority. The provision in question creates a condition precedent to the plaintiff's right of recovery. There is no doubt about the authority of the legislature to create such a one, and, being an act which must be performed by the plaintiff before she can recover, it is a fact which she must plead. It is not a mere statute of limitations. The distinction is pointed out in Hawley v. City of Johnstown, 40 App. Div. 568, 58 N. Y. Supp. 49. The averment that notice was "duly presented" loses all the force the plaintiff's counsel claims for it, because it is followed by the allegation that it was done on "May 15, 1901," thus showing that such presentation was actually made long after the time fixed by the statute.

I conclude that the judgment must be affirmed, with costs, with the usual leave to the plaintiff to plead anew. All concur.