### FORSYTH v. CITY OF OSWEGO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—INJURIES TO TRAVELERS—
NOTICE—SERVICE—TIME.

Where plaintiff was rendered mentally incompetent by an injury sustained by defect in one of defendant's streets, and he served notice of his injuries within three months after his mental incapacity was removed, the notice was served in time, within Oswego City Charter, § 345, requiring notice of claim within three months after the injury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1697, 1706.]

2. SAME—DEFECTS—WAIVER.

Where, after service of a notice of plaintiff's injury by a defect in a city street, the city caused plaintiff to appear before its committee on claims where he was fully examined, and at such examination the exact location of the accident and the precise time when it occurred were fully disclosed, and all the circumstances attending the same were given, the city thereby waived its right to object to the notice because it did not state the date or time of the accident, as required by Oswego City Charter, § 345.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1700.]

Spring and Kruse, JJ., dissenting.

## Appeal from Trial Term, Oswego County.

Action by Joseph Forsyth against the city of Oswego. From a judgment in favor of plaintiff for $225.51 damages and costs, and from an order denying defendant's motion for a new trial, made on the minutes of the court, defendant appeals. Affirmed.

The action was commenced on the 29th day of August, 1903, to recover damages for injuries sustained by the plaintiff by being thrown from a wagon while riding on one of defendant's streets on the evening of December 24, 1902, alleged to have been caused solely through the negligence of the defendant. Plaintiff filed a verified notice and claim for damages on the 11th day of May, 1903. The defendant claims that the plaintiff's failure to file such notice and claim within three months after the accident occurred, as required by section 345 of the charter of the city of Oswego, is a bar to any recovery in this action. The action is for negligence, and is brought to recover damages by the plaintiff for personal injuries alleged to have been sustained by him on the night of December 24, 1902, while driving along East Ninth and a Half street in the city of Oswego by being thrown from the wagon owing to the defective condition of the street, the particualr defect being a large bowlder, whereby the street was made dangerous, and permitted to remain in that condition by the defendant for so long a time and under such circumstances as to make the defendant guilty of negligence, which is controverted by the defendant; and it is further contended on its behalf that the notice required under the charter of the city was not given to it, or the effect of the failure so to do avoided, and so the action is barred under the provisions of the charter, to which attention will be called later. The action has been tried twice. The first trial resulted in a verdict for the plaintiff in the sum of $550. An appeal having been taken by the defendant, the judgment entered upon that verdict was reversed, and a new trial ordered, upon the ground that there had been no substantial compliance by the plaintiff with the provisions of the charter which required the service of notice of claim. The second trial resulted in a verdict for the plaintiff of $200, and, a judgment being entered thereon, the defendant again appeals therefrom, and urges the same objections as upon the former appeal. Case is reported on first appeal in 107 App. Div. 187, 95 N. Y. Supp. 33.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John Tiernan, Corp. Counsel, for appellant.

F. T. Cahill, for respondent.

McLENNAN, P. J.   The evidence in this case fairly tends to establish that, as a result of the injury sustained by the plaintiff, he was rendered incapable, and remained incapable, of serving the notice required by the statute within the time therein specified, but that he served a notice within three months after his mental incapacity was removed.   We think under such circumstances the notice was served in time, within the meaning of the statute.   Walden v. City of Jamestown, 178 N. Y. 213, 70 N. E. 466; Green v. Village of Port Jervis, 55 App. Div. 58, 66 N. Y. Supp. 1042; Barry v. Village of Port Jervis, 64 App. Div. 269, 72 N. Y. Supp. 104, also reported 93 App. Div. 618, 87 N. Y. Supp. 1127, affirmed 180 N. Y. 521, 72 N. E. 1139.

It is, however, urged that the notice as finally served failed to comply with the requirements of the statute, because it did not state the date or time of the accident, and clearly such omission would be fatal to plaintiff's right to recover provided the defendant had not waived the defect.   Subsequent to the service of such notice, at the request of the city clerk, the plaintiff and his attorney appeared before the claims committee of the common council and the city attorney of such city, and submitted to an examination as to his claim and the details of the accident.   By such examination the exact location of the accident and the precise time when it occurred were fully stated and disclosed, and all the circumstances attending it were given.   After such examination the claim was, by resolution of the common council, referred to the claims committee and the city attorney, whose duty it was to investigate such claim, and report back to the common council.   After such investigation the committee reported adversely to plaintiff's claim, the claim was rejected, and thereupon this action was commenced.

We think such action on the part of the defendant was a waiver by it of service of a notice in compliance with the statute, and that the defendant was estopped, after requiring the plaintiff to be examined as to the time and circumstances of the accident, from asserting that by his failure to serve a notice as required by the statute he could not maintain an action to recover damages for the injury sustained by him through the defendant's negligence.   Grothier v. N. Y. & Brooklyn Bridge Co., 19 App. Div. 586, 46 N. Y. Supp. 621.   The same principle is held in Weed v. Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 31 N. E. 231.   By the terms of the policy under consideration in that case, it was provided that notice of loss must be given to the insurance company forthwith, and it was held that such notice was not given forthwith; but the court said (page 407 of 133 N. Y., page 234 of 31 N. E.):

"So, too, if the insurance company intends to claim that the notice of loss was not served in time, it should take its position promptly, and not put the assured to the expense of complying with other conditions in the policy, upon the assumption that adequate notice had been given. Here the proofs

ot loss were received and retained without any objection that the proper notice of loss had not been given. Not only this, but the defendant requested the plaintiff to amend his proofs from time to time without any suggestion that the proper notice had not been given. * * * Under all the circumstances, the defendant may properly be held by its conduct to have waived the preliminary notice of loss."

In the case at bar no objection was made to the notice served by the plaintiff until after the plaintiff upon defendant's request had submitted to an examination before the committee of the common council and city attorney of the defendant, in which he related the date, tne place where, the nature, and all the circumstances, of the accident. Under such circumstances, we think it should be held that the defendant waived any defects in the notices of claim served by the plaintiff. This suggestion applies with equal force as to the time when such notice was served.

We conclude that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur, except SPRING and KRUSE, JJ., who dissent in an opinion by KRUSE, J.

KRUSE, J. (dissenting). We would be inclined to uphold the verdict and affirm this judgment were it not for an insuperable objection which stands in the way. We think the same objection which was urged upon the former trial and sustained, resulting in a new trial, has not been overcome, and is fatal to the recovery. The charter of the defendant city provides that claims of this character "shall within three months after the happening thereof be presented to the common council by a writing signed by the claimant, and properly verified, describing the time, place, and cause, and extent of the damage or injury. The omission to present such claim, as aforesaid, within said three months shall be a bar to any action or proceeding therefor against the city." Laws 1895, p. 733, c. 394, § 345. The accident happened on the night of December 24, 1902, and no claim of any kind was presented until the 19th day of May, 1903, and even then the plaintiff failed to state in his claim the time when the injury occurred. It is entirely silent in that regard. The plaintiff seeks to avoid the effect of his failure to present his claim within the time prescribed by the charter, as well as his failure to state the time in the claim, by showing that he was mentally unable to do so, and further contends that the defendant waived compliance with the provisions of its charter in that regard by the common council referring the claim to a committee for investigation, and the committee investigating the same, which was about a month after the claim was presented, and being then fully informed by the plaintiff of the time of the accident, as well as the other facts required to be stated in the notice of claim. It is contended on behalf of the plaintiff that these facts were found favorable to the plaintiff by the jury. Five specific questions were submitted to the jury, as follows:

"First. Was the defendant fully informed as to the time, place, cause, and extent of the damage or injury to the plaintiff within three months of the time that he was mentally able to present his claim for damages in this action? Second. Did the defendant waive the defects in the notice or claim

presented and filed on the part of the plaintiff? Third. Was the plaintiff free from contributory negligence? Fourth. Was the defendant guilty of negligence which was the direct cause of the injury complained of? Fifth. What are the damages, if any?"

The jury answered the first, second, third, and fourth questions in the affirmative, and by their answer to the fifth fixed the damages at $200. Upon these specific findings the trial court directed a general verdict in favor of the plaintiff and against the defendant for $200. It will thus be seen that the claim of the plaintiff that he complied with the provisions of the charter of the defendant requiring him to present his claim within three months from the time of the accident is based upon the findings of the jury contained in the first and second questions. We think these findings do not support the contention on behalf of the plaintiff that he substantially complied with this provision of the charter regarding the presentation of his claim to the common council, nor does the presentation of the claim, defective in form, with the facts and circumstances relating to the investigation of this claim by the committee, and what took place before the committee, establish a waiver on the part of the defendant. When this claim was presented to the common council, without stating the time when the accident occurred, it had a right to investigate the matter without waiving this defect. It is not unreasonable to assume that one of the very objects of making the investigation was to learn when the accident happened, for the notice does not disclose that fact. There was nothing to show that the plaintiff was misled thereby, or that he could have served a timely and proper notice after the claim had been referred to the committee and investigated by them, and the committee had received the information from the plaintiff when he claimed the accident had occurred, nor were any such questions submitted to the jury, or any other specific questions from which the jury could find that the defendant did or forbore to do anything inconsistent with its right to require proper and timely presentation of the claim, as required by its charter. The question was broadly left for their determination, and, as we think, without sufficient evidence. The trial court charged the jury that if, upon the evidence, they believed that the plaintiff presented his claim to this municipality (the defendant) within three months from the time that he was mentally able to do so, then they should answer the first question "Yes." It appeared without dispute that he never presented the claim in the form required by the charter, for the notice did not give the time of the accident, and the finding that the defendant was fully informed as to the time when he claimed the accident had occurred, although within three months of the time when he was mentally able to present his claim, was not such a compliance as this provision of the charter requires. De Vore v. City of Auburn, 64 App. Div. 84, 71 N. Y. Supp. 747; Rauber v. Village of Wellsville, 83 App. Div. 581, 82 N. Y. Supp. 9. The municipality had the right to know what the plaintiff claimed in that regard definitely and in writing, verified by him, and not left to the uncertainty of oral declarations, or upon information which the officers of the municipality may have concluded related to the claim in question, and which itself might become matter of dispute between the claimant and the municipality.

99 N.Y.S.—65

Nor are we prepared to assent to the proposition that a claimant who was mentally incapable of giving the notice within the required time may have the same length of time to do so after he becomes mentally capable. The statutes make no such exceptions, and such an interpolation into the statute by the courts we think is unwarranted. We are well aware that the courts in their efforts to prevent a failure of justice have refused to give a literal construction to the statute, and have held that where a person injured through the fault of a municipality was rendered incapable in consequence of the injury of strictly complying with the statute by giving the notice within the prescribed time, such notice might be given with full effect after the person became conscious and capable of giving the notice; but we have been unable to find any authority, and none has been called to our attention, where it is held that, under circumstances such as are disclosed in this case, the time within which to present the claim should be extended for the full period prescribed by the statute from the time that the person so injured became capable of giving it. Such may have been the effect where the time was very short, as in the case of Walden v. City of Jamestown, 178 N. Y. 217, 70 N. E. 466, and similar cases. It could hardly be claimed that, under the circumstances of this case, the time which elapsed between the time of the accident and the giving of the notice would prevent the statute of limitations from running during that period, and that it should be deducted from the period which the law prescribed within which the action shall be commenced.

Again, in this case the mental incapacity was not even limited to such as resulted from the injury. It was a very serious question whether the plaintiff's mental incapacity was due to the injury he received for more than a very short period of time, or even whether he was so seriously incapacitated that he was unable to cause the claim to have been made out and presented, giving the necessary details of his claim as required by the statute. We are not impressed with the view that he was so mentally incapable when he presented his claim, nearly five months after the accident, that although he was able to give in detail the place and nature of the accident, he was not able to give the time at which it occurred. He does not state in the claim that he presented that he was unable to do so; it seems more reasonable that it was an unfortunate oversight on his part.

The view we take of the case requires us again to set aside the verdict, and order a new trial.

Judgment and order reversed, and a new trial ordered, with costs to abide the event.