(56 Misc. Rep. 186.)

HUNGERFORD v. VILLAGE OF WAVERLY et al.

(Supreme Court, Special Term, Tioga County. October, 1907.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—PRESENTATION OF CLAIM.

Plaintiff sued a village and its trustees as individuals and also its street commissioners for injuries received by an alleged defective sidewalk. The verified statement of claim was not filed until 30 days after the expiration of the statutory period of six months, required by Laws 1897, p. 366, c. 414. The complaint alleged the physical incapacity of plaintiff to file the claim because of the injuries received, and also set up a conversation with one of defendant's trustees, a member of the committee on sidewalks, in which she requested the trustee to bring the matter before the board with a view to settlement, which he promised to do, that the matter was brought before the trustees and no damages allowed, but no information was given of the decision of the trustees until about the time of the filing

of the claim. *Held*, that the allegations were sufficient to meet the requirements of the statute as to the filing of a verified statement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1696–1707.]

2. SAME—DEFECTIVE STREETS—ACTION AGAINST VILLAGE TRUSTEES.

Where a village under the village law created a separate highway district, and its streets were placed under the exclusive control of the board of trustees, the street commissioners under their direction having supervision of the public streets, and being authorized to employ necessary laborers for that purpose, allegations in an action against the village and its board of trustees as individuals that the individual defendants knowingly permitted the sidewalk at the place where plaintiff was injured to remain in defective condition for a long time is sufficient to state a cause of action against them.

Action by Martha A. Hungerford against the village of Waverly and others. Demurrer to complaint. Overruled.

Charles C. Annabel, for plaintiff.

Frank A. Bell, for defendants.

LYON, J. The village of Waverly was incorporated under "An act in relation to villages, constituting chapter 21 of the General Laws." Laws 1897, p. 366, c. 414. The individual defendants, other than defendant Bingham, who is the street commissioner, comprise the board of trustees of the village. Each defendant demurs upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint alleges that on the 21st day of June, 1906, the plaintiff, without any negligence on her part, was most seriously and permanently injured by stepping into a hole, of long standing, the existence of which had long been known to the defendants, in a badly defective sidewalk in the village; that her nervous system was seriously affected, and that she was unable to write or concentrate her mind upon any work for some time thereafter, as a result of the nervous shock, and that on the 3d day of January, 1907, she caused to be filed with the village clerk and the president and board of trustees of the village the duly verified claim required by the general village law; that the reason for not filing the claim before was the physical incapacity of the plaintiff by reason of said injuries and because of a conversation had by plaintiff with one of the defendant trustees, who was a member of the committee on sidewalks, in which she stated the nature and circumstances of her injuries, requesting the trustee to bring the matter before the board with a view of settlement, which he promised to do and inform her as to the decision; that, although the matter was brought before the trustees some time thereafter and no damages allowed her, yet that she was not informed by said trustee and did not learn of the decision of the trustees until about the time of filing her claim. It has long been settled that a demurrer admits all material facts well pleaded and that all reasonable intendments are to be indulged in support of a pleading demurred to.

As to the defendant village of Waverly, it is contended that the action cannot be maintained, for the reason that the written verified statement of the claim was not filed with the village clerk within six

months after the cause of action accrued, as required by statute. The injuries are alleged to have been received June 21st, and the statement of claim was not filed until January 3d following, or 13 days after the expiration of the six-month period of limitation. Concededly the Legislature had the power to impose the six-month requirement provided by the statute, and the same is valid and effective (Mac-Mullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863), and the service of the required statement was a condition precedent to recovery (Jewell v. City of Ithaca, 72 App. Div. 220, 76 N. Y. Supp. 126). The plaintiff claims, however, that the allegation of the complaint as to the inability of the plaintiff, by reason of her injuries, to make out the required statement and the allegation as to an attempted compromise of her claim relieve the case at bar from the effect of those decisions. It was held in the cases of Walden v. City of Jamestown, 178 N. Y. 213, 70 N. E. 466, Green v. Village of Port Jervis, 55 App. Div. 58, 66 N. Y. Supp. 1042, and Barry v. Village of Port Jervis, 64 App. Div. 268, 72 N. Y. Supp. 104, that when a plaintiff by reason of injuries received is incapacitated from preparing and serving the statement within the time required by statute, but serves the same as soon as he is able to do so, the statement is served in time. In the case last cited, the statute required that the statement of injury be given within two days thereafter, and yet the court held that a statement served within five days was in sufficient time. In the case of Forsyth v. City of Oswego, 114 App. Div. 616, 99 N. Y. Supp. 1022, it was held by a closely divided court that, where the statute required a statement to be served within three months after the happening of the accident, it was served in time if served within three months after the physical incapacity preventing plaintiff from serving it had ceased. This case would seem to extend the period for serving the required statement to the very limit. In the case at bar the statement was served 13 days after the expiration of the statutory period of six months.

Under the allegations of the complaint hereinbefore referred to, proof could be given, not only that the inability of plaintiff to make and file the required statement existed more than the 13 days necessary to bring this case within the Forsyth Case but also under the allegation of the complaint "that the reason of not filing the claim before was because of the physical incapacity of the plaintiff" that the plaintiff filed the statement as soon as her physical incapacity was sufficiently removed. In view of these authorities, it must be held that the complaint alleges facts sufficient to meet the requirements of the statute as to the filing of a verified statement of claim.

It is unnecessary to discuss the subject of the liability of a village for injuries sustained by a person by reason of the failure of its board of trustees to exercise reasonable care to keep the sidewalks in the village in proper repair, although the exclusive control and supervision of the highways is placed with the board of trustees, as this question has long been settled. Conrad v. Trustees of Village of Ithaca, 16 N. Y. 158; Saulsbury v. Village of Ithaca, 94 N. Y. 27, 46 Am. Rep. 122; Nelson v. Village of Canisteo, 100 N. Y. 89, 2 N. E. 473; Koch v. Village of Edgewater, 18 Hun, 407; Seymour v. Village of

Salamanca, 137 N. Y. 364, 33 N. E. 304; MacMullen v. City of Middletown, 187 N. Y. 37, 79 N. E. 863.

As to the individual defendants, it is contended that the action cannot be maintained for the reason that the liability to the plaintiff, if any, is that of the village and not of its trustees and street commissioner. The village law constituted the village a separate highway district, and placed the streets under the exclusive control and supervision of the board of trustees, and provided that the street commissioner, under their direction, had supervision and charge of the repair of public streets and was authorized to employ the necessary laborers for that purpose. The law is well settled as to the duty of the person charged with the maintenance of sidewalks, holding them to the use of reasonable care in the discharge of their duties. The allegations of the complaint charge the defendants with having knowingly permitted the sidewalk at the place where the plaintiff was injured to remain in a badly defective condition for a long time, and such allegations are sufficient to constitute a cause of action against the defendants in case the defendants were charged with the maintenance of the sidewalks. These defendants by accepting these public offices impliedly bound themselves to the obligations attendant upon the proper discharge of the duties of those offices. Public officers charged with ministerial duties are answerable in damages to any one specially injured by their carelessness and negligent performance of, or omission to perform, the duties of those offices. Hover v. Barkhof, 44 N. Y. 113; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; Beardslee v. Dolge, 143 N. Y. 160, 38 N. E. 205, 42 Am. St. Rep. 707; Allen v. Sisson, 66 Hun, 140, 143, 20 N. Y. Supp. 971. The duty of public officers is not less than the power. Nelson v. Village of Canisteo, 100 N. Y. 89, 2 N. E. 473; Seymour v. Village of Salamanca, 137 N. Y. 364, 33 N. E. 304. The mayor and aldermen, who are by law the commissioners of highways of a city, are liable for negligence in failing to keep the sidewalks in proper repair. Piercy v. Averill, 37 Hun, 360; Koch v. Village of Edgewater, 18 Hun, 407.

In the case of Bennett v. Whitney, 94 N. Y. 302, an action brought against the mayor and common council of the city of Binghamton, N. Y., who were by law the commissioners of highways of the city, and against the street commissioner, by a person who was injured by falling into an unguarded opening in one of the public streets of the city, the court held that one who assumes the duties and is invested with the powers of a public officer is liable to an individual who sustains special damage because of a neglect properly to perform these duties. While a nonsuit was granted as to the defendants mayor and common council, upon the ground that the evidence failed to establish actionable negligence against them, the case was submitted to the jury against the defendant street commissioner and a verdict rendered against him.

It is very possible that, when the case is brought to trial, the evidence may not warrant all the allegations of the complaint; but, as before stated, for the purpose of passing upon the sufficiency of the complaint, the court is bound to assume to be true all the allegations of the complaint material to the cause of action and all reasonable intend-

ments which may be drawn therefrom. So judged, I think the complaint states a cause of action against all the defendants, and hence the demurrer must be overruled.

Demurrer overruled.